DAVID M. POITRAS – Bar No. 141309
SUSAN K. SEFLIN - Bar No. 213865
JESSICA S. WELLINGTON - Bar No. 324477
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone:  (818) 827-9000
Facsimile:  (818) 827-9099
Email:     dpoitras@bg.law
           sseflin@bg.law
           jwellington@bg.law

Proposed Attorneys for Chapter 11 Debtor and
Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:24-bk-11046-TA |
| MASHindustries, Inc., | Chapter 11 |
| | **DEBTOR'S NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION FOR AUTHORITY TO: (A) USE CASH COLLATERAL ON AN INTERIM BASIS PENDING A FINAL HEARING; (B) GRANT REPLACEMENT LIENS; AND (C) SET FINAL HEARING; MEMORANDUM OF POINTS AND AUTHORITIES [11 U.S.C. § 363 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001]** |
| | *Declaration of Lisa Boardman Filed Concurrently Herewith* |
| | **Hearing:**<br>Date:     April 26, 2024<br>Time:     11:30 a.m.<br>Place:    Courtroom 5B - Via Zoom.gov only<br>          411 West Fourth Street<br>          Santa Ana, CA 92701 |

# TABLE OF CONTENTS

Page

I.  FACTUAL BACKGROUND ...................................................................................4

    A.  General Case Background.........................................................................4

    B.  Description of the Debtor's Business ........................................................4

    C.  The Debtor's Management Structure .........................................................5

    D.  The Debtor's Prepetition Lender ...............................................................5

    E.  Circumstances Impacting the Debtor's Operations and Reason for the
       Bankruptcy Filing ....................................................................................5

II.  THE BUDGET...........................................................................................................7

III.  ARGUMENT .............................................................................................................8

    A.  The Debtor Should Be Authorized To Use Cash Collateral To Operate,
       Maintain And Preserve Its Business. ........................................................8

    B.  The Secured Creditors Are Adequately Protected. ...................................9

        1.  The Lender is Adequately Protected By Equity Cushions.........................10

        2.  The Lender is Adequately Protected By The Continued Operations Of
           The Debtor's Business. ..........................................................................10

        3.  The Lender is Adequately Protected By Replacement Liens Against
           The Debtor's Assets. .............................................................................11

IV.  CONCLUSION.........................................................................................................12

i

# TABLE OF AUTHORITIES

Page

## CASES

In re Dynaco Corporation,
  162 B.R. 389 (Bankr. D.N.H. 1993) .................................................................9, 11

In re Ernst Home Center, Inc.,
  209 B.R. 955 (Bankr. W.D. Wash. 1997) ...............................................................10

In re Immenhausen Corp.,
  164 B.R. 347 (Bankr. M.D. Fla. 1994) ..................................................................11

In re Las Vegas Monorail Co.,
  429 B.R. 317, 341 (Bankr. D. Nev. 2010) .............................................................10

In re McCombs Properties VI, Ltd.,
  88 B.R. 261, 265 (Bankr. C.D. Cal. l988) .................................................9, 10, 11

In re Mellor,
  734 F.2d 1396, 1400 (9th Cir. 1984) ...............................................................9, 10

In re Newark Airport/Hotel Ltd. Partnership,
  156 B.R. 444 (Bankr. D.N.J. 1993) .......................................................................11

In re Oak Glen R-Vee,
  8 B.R. 213, 216 (Bankr. C.D. Cal. 1981).................................................................8

In re O'Connor,
  808 F.2d 1393, 1398 (10th Cir. 1987) .....................................................................9

In re Prime, Inc.,
  15 B.R. 216, 219 (Bankr. W.D. Mo. 1981).............................................................9

In re Stein,
  19 B.R. 458 (Bankr. E.D.Pa. 1982) .............................................................9, 10, 11

In re Sunnymead Shopping Center Co.,
  178 B.R. 809, 814 (9th Cir. BAP 1995) ..............................................................8, 9

In re Triplett,
  87 B.R. 25 (Bankr. W.D.Tex. 1988)......................................................................10

Matter of Pursuit Athletic Footwear, Inc.,
  193 B.R. 713 (Bankr. D. Del. 1996)......................................................................11

United Savings Association v. Timbers of Inwood Forest Associates,
  108 S.Ct. 626, 629 (1988)........................................................................................9

### STATUTES

11 U.S.C. § 361 ................................................................................................................................11

11 U.S.C. § 363 ..................................................................................................................................8

11 U.S.C. § 363(a) .....................................................................................................................1, 8, 9

11 U.S.C. § 363(c) ..............................................................................................................................8

11 U.S.C. § 363(c)(1) ......................................................................................................................8, 9

11 U.S.C. § 363(c)(2) ......................................................................................................................8, 9

11 U.S.C. § 363(c)(2)(A) ....................................................................................................................8

11 U.S.C. § 363(c)(2)(B) ....................................................................................................................8

11 U.S.C. § 363(e) ..............................................................................................................................8

**TO THE HONORABLE THEODOR C. ALBERT, CHIEF UNITED STATES BANKRUPTCY JUDGE, SECURED LENDERS, CREDITORS HOLDING THE TWENTY LARGEST UNSECURED CLAIMS, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**PLEASE TAKE NOTICE** that a hearing will be held on April 26, 2024 at 11:30 a.m. via Zoom.gov only  before the Honorable Theodor C. Albert, Chief United States Bankruptcy Judge for the Central District of California, for the Court to consider the motion (the "Motion") filed by MASHindustries, Inc., the chapter 11 debtor and debtor in possession herein (the "Debtor" or "Industries"), for entry of interim and final orders authorizing the Debtor to use cash collateral to pay the Debtor's ordinary and necessary expenses set forth on the budget (the "Budget") attached hereto as **Exhibit A**. The proposed order on the Motion is attached hereto as **Exhibit B**.

The Debtor has one secured creditor that assert a lien upon the Debtor's "cash collateral" as that term is defined in 11 U.S.C. § 363(a).  The U.S. Small Business Administration ("SBA") is owed approximately $500,000 pursuant to an SBA loan and has a security interest in all of the Debtor's assets.  The SBA appears to have perfected its security interest by recording UCC-1 financing statements with the California Secretary of State.

The Debtor was formed in 2013 and specializes in custom commercial furniture manufacturing and architectural millwork. The Debtor primarily sells its furniture and millwork to general contractors and building developers, but it also supplies to an affiliate and related debtor entity Mash Studios, Inc.[1] ("Studios" and collectively, with the Debtor, the "Debtors").   Studios, a California corporation founded in 2002, designs bespoke office furniture for large corporations.

The Debtor's upcoming May 3, 2024 payroll must be funded to its pay check servicer Paychex Payroll Service ("Paychex") by no later than Wednesday, May 1, 2024, and the Debtor's premium payment on its workers' compensation insurance is due no later than April 30, 2024. Furthermore, the Debtor operates a 77,000 square foot manufacturing facility with 34 employees and

---

[1] Studios filed its own chapter 11 case, Bankr. Case No. 8:24-bk-11048-TA, along with the Debtor's chapter 11 filing.  The Debtor and Studios have concurrently filed a motion for entry of an order jointly administering the two cases.

1  it cannot go more than two days without having use of its cash collateral to pay ordinary operating

2  expenses.

3      The SBA is secured by all of the Debtor's assets, as well as by a personal guaranty from the

4  Debtor's sole shareholder, Bernard Brucha. As additional adequate protection of its interest in the

5  cash collateral, the SBA will be granted replacement liens upon all postpetition assets of the

6  Debtor's estate (except any "Avoidance Actions" arising under sections 544, 545, 546, 547, 548,

7  549, 550 or any similar provisions of the Bankruptcy Code) to the same extent, validity and priority

8  as its liens upon the Debtor's prepetition assets.  While the Debtor is hopeful that the secured

9  creditor will consent to use of cash collateral, in the event that the SBA does not consent to such use,

10 the Debtor believes that its liens will be adequately protected by an equity cushion, the replacement

11 lien and the Debtor's continued business operations.

12     The Debtor's assets include, but are not limited to, accounts receivable, inventory, existing

13 contracts, cash, deposits, furnishings, fixtures and equipment, with an estimated fair market value of

14 approximately $5 million.  This leaves the SBA with an equity cushion of approximately 1000%.

15     It is imperative that the Debtor obtain immediate Court authority to use cash collateral in

16 order to avoid immediate and irreparable harm to the Debtor's business.  The Debtor must be able to

17 fund its next payroll in order to avoid a mass exodus of the Debtor's employees and the

18 corresponding harm to its business[2], and the Debtor must timely pay its workers' compensation

19 policy, which payment is due no later than April 30, 2024.

20     **PLEASE TAKE FURTHER NOTICE** that if you wish to object to the relief sought by the

21 Motion, you must appear at the hearing and file any responsive pleading in accordance with the

22 deadline set forth in the accompanying Notice of Emergency Motions.  Your failure to timely object

23 may be deemed by the Court to constitute consent to the relief requested herein.

24     **PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Motion and

25 attached Memorandum of Points and Authorities, the concurrently filed Declaration of Lisa L.

26 Boardman and evidence appended thereto, the arguments of counsel and other admissible evidence

27

28 [2] The Debtor must fund its payroll by 2:00 p.m. Wednesday, May 1, 2024 in order to ensure that its
employees are paid by Friday, May 3, 2024.

2

properly brought before the Court at or before the hearing on this Motion.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order granting the Motion in its entirety and:

1.      Authorizing the Debtor to use cash collateral to pay all of the expenses set forth in the Budget;

2.      Granting the SBA as adequate protection of its prepetition collateral and cash collateral, replacement liens upon all postpetition assets of the Debtor's estate (except any "Avoidance Actions" arising under sections 544, 545, 546, 547, 548, 549, 550 or any similar provisions of the Bankruptcy Code) to the same extent, validity and priority as its liens upon the Debtor's prepetition assets;

3.      Authorizing and directing the applicable banks and other financial institutions to receive, process, honor and pay all checks presented for payment and to honor all electronic payment request made by the Debtor relating to its May 3, 2024 payroll (and to any other post-petition transaction);

4.      Scheduling a final hearing on this Motion; and

5.      Granting such other and further relief as the Court deems just and proper under the circumstances.

DATED:  April 25, 2024                    BG Law LLP


By:  /s/ Susan K. Seflin
        Susan K. Seflin
        Proposed Attorneys for Chapter 11 Debtor
        and Debtor in Possession

3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    FACTUAL BACKGROUND

### A.    General Case Background

1.    On April 24, 2024, MASHINDUSTRIES, INC., a California corporation ("Industries" or the "Debtor"), filed a voluntary petition for relief under subchapter v of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  The Debtor continues to operate its business and manage its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or committee has been appointed in the Debtor's chapter 11 case.

2.    Concurrently with the filing of the Debtor's bankruptcy petition, the Debtor's affiliate Mash Studios, Inc. ("Studios" and collectively, with the Debtor, the "Debtor") filed its own chapter subchapter v chapter 11  bankruptcy proceeding, styled *In re Mash Studios, Inc.*, Bankr. Case No. 8:24-bk-11048-TA.  Concurrently with the filing of this Motion, the Debtors have filed a motion for joint administration of their bankruptcy cases.

### B.    Description of the Debtor's Business

3.    Studios, a California corporation, was formed in 2002 by Bernard Brucha and Mr. Brucha is the sole shareholder of Studios.  Studios designs custom office furniture for large corporations such as Nike, Chanel and Google.  In 2013, one of Studios suppliers went out of business and Mr. Brucha formed the Debtor to acquire those assets to begin a furniture and millwork manufacturing business.  Mr. Brucha is the sole shareholder of the Debtor.

4.    The Debtor's manufacturing operations are located at 7150 Village Drive, Buena Park, California (the "Buena Park Property"). The Debtor employs approximately 34 people and Studios has 7 employees.  Industries' website is www.mashindustries.com and Studios' website is www.mashstudios.com.

5.    For the fiscal year 2023, the Debtor's gross revenue was $5,001,733 and Studios gross revenue was $9,066,031.  Prior to Covid in 2020, the Debtors' combined business were historically profitable.  Along with the commercial office market in general, the Debtors' businesses were hit extremely hard by the Covid pandemic, with new orders greatly reduced for 2020 through

2023.  The Debtors' businesses have begun turning the corner in 2024 and the Debtors reduced their overhead greatly by laying off approximately 30 employees, and closing Studios' headquarters and showrooms.  The Debtor has approximately $12 million in new orders on the books, and Studios has approximately $6 million in new orders on the book. The Debtors are projecting a return to profitability in April or May 2024.

   **C.**  **The Debtors' Management Structure**

   6.  Both of the Debtors are California corporations. Bernard Brucha is the founder, Chief Executive Officer, and principal of both Debtors, and he is the sole shareholder of both Debtors.

   7.  Lisa Boardman is the Chief Operating Officer and Chief Financial Officer for the Debtor.  Ms. Boardman has extensive knowledge regarding the Debtor's day-to-day operations and finances and is responsible for, among other things, the Debtor's finances and books and records.

   **D.**  **The Debtor's Prepetition Lender**

   8.  The Debtor's prepetition lender is the U.S. Small Business Administration (the "SBA" or "Lender".  As of April 23, 2024, the Lender is owed $500,000 pursuant to an SBA loan agreement, promissory note and security agreement entered into in February of 2022.  The Lender appears to have perfected its security interest by recording a UCC-1 financing statements with the California Secretary of State.  Attached as **Exhibit C** hereto is a recent UCC search setting forth all liens against the Debtor. Other than the Lender, it appears that the only secured claims asserted against the Debtor are equipment liens.

   **E.**  **Circumstances Impacting the Debtor's Operations and Reason for the
      Bankruptcy Filing**

   9.  Prior to February of 2024, Industries and Studios did not have the same address. Studios had studios and offices in Los Angeles, and Industries occupied the Buena Park Property. As part of their effort to reduce expenses, Studios gave up its offices and studios in Los Angeles in February of 2024, and now Studios' employees either work from home or at the Buena Park Property as necessary.  Although Industries has always occupied the Buena Park Property with its manufacturing facility, Studios is the named tenant on the lease.  In 2023, Industries began having problems timely paying the rent of $86,000 a month on the Buena Park Property and as of the

petition date, the Debtors are seven months behind on rent though they have paid March and April 2024 rent.[3]

10.     On January 10, 2024, Buchanan Street Partners (BSP"), the landlord for the Buena Park Property, served Studios with a three day notice to pay rent or quit.  While the Debtors responded to the three-date notice with a payment plan proposal, the Debtors were not able to make the full payment and their payment plan was rejected by BSP. Thereafter, on February 16, 2024, BSP filed an unlawful detainer action and obtained a writ of possession for the Buena Park Property. On Friday, April 19, 2024, Studios was served with a *Notice to Vacate* the Buena Park Property **on or before April 25, 2024 at 6:01 a.m.** Industries manufacturing facility (the "Facility") located at the Buena Park Property is a 77,000 sq. ft. manufacturing facility, houses valuable equipment, and is vital to the Debtor's ongoing operations and return to profitability.  Industries' thirty-four employees work out of the Facility and being locked out of the Facility by the Sheriff will decimate Industries' business and operations. Industries intends to relocate its manufacturing operations to a smaller facility, hopefully within 120 days of the Petition Date, and proposes to pay BSP postpetition rent at the contract rate from the petition date through the date that it vacates the premises.

11.     Combined, the Debtors have outstanding debt of approximately $7 million [$2.5 million in secured debt (SBA loans during Covid) and approximately $4.5 million in unsecured trade debt (including the BSP debt)].  The Debtors intend to file a joint chapter 11 reorganizing plan to resolve these debts in their chapter 11 cases.

12.     Without the chapter 11 cases, all manufacturing would cease indefinitely due to the BSP writ of possession, and Industries would be forced to liquidate.  Through their chapter 11 cases, the Debtors can remain as a going concern and keep 41 employees employed, and project significant recoveries to their creditor constituencies through the chapter 11 plan process.

13.     Without the filing of this bankruptcy and obtaining use of cash collateral, the Debtor would have no choice but to immediately fire all of its 34 employees and close its business.

---

[3] The landlord holds a security deposit in the amount of $268,275.53, which it apparently has not applied to the outstanding balance.

## II.    THE BUDGET

The Debtor estimates that its assets currently have a value of approximately $5 million.  The Debtor's cash, accounts receivable and inventory total $1.6 million as of the petition date, and the Debtor's other assets (including existing contracts, deposits, furnishings, fixtures and equipment) have a value of approximately $3.4 million.  Additionally, the Lender has a personal guaranty against the Debtor's owner Bernard Brucha.

As set forth above, the Debtor commenced this case based on the pending notice to vacate the Buena Park Property, which would cause the Debtor to immediately stop all of its business operations.  As illustrated by the budget ("Budget") attached hereto as **Exhibit A**, the Debtor will be able to operate cash flow positive post-petition.  The Budget sets forth the minimum requirements of the Debtor to operate its business to accomplish a successful reorganization for all creditors.  The Budget does not contemplate any "extraordinary" or "luxury" expense.  The Budget therefore contains the Debtor's basic requirements for operations and is reasonable.

The Debtor will not pay any insider salaries (which are highlighted on the Budget) until the time period has passed with respect to the Insider Comp Notices served in accordance with the local rules.

Although the Budget represents the Debtor's best estimate of the necessary expenses associated with the business, as the ebbs and flows of the Debtor's business are unpredictable, the needs of the business may fluctuate.  Therefore, the Debtor requests Court authority to deviate from the total expenses contained in the Budget by no more than 15%, on a cumulative basis, and to deviate by category (provided the Debtor does not pay any expenses outside of any approved categories) without the need for further Court order.

In order for the Debtor to operate its business in accordance with the Budget and to fund the upcoming May 3, 2024[4] payroll, the Debtor must be able to use the revenues that are paid to it. Furthermore, the Debtor's workers' compensation premium is due no later than April 30, 2024.

---

[4] The Debtor must fund its payroll by 2:00 p.m. Wednesday, May 1, 2024 in order for its employees to be paid by Friday, May 3, 2024.

**III.    ARGUMENT**

The Debtor's use of property of the estate is governed by Section 363 of the Bankruptcy Code.  Section 363(c)(l) provides in pertinent part:

> If the business of the debtor is authorized to be operated under section … 1108 … of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c)(l).  A debtor in possession has all of the rights and powers of a trustee with respect to property of the estate, including the right to use property of the estate in compliance with Section 363.  *See* 11 U.S.C. § 1107(a).

"Cash collateral" is defined as "cash, negotiable instruments, documents of title, securities, deposit accounts or other cash equivalents in which the estate and an entity other than the estate have an interest. . . ."  11 U.S.C. § 363(a).  Section 363(c)(2) establishes a special requirement with respect to "cash collateral," providing that the trustee or debtor in possession may use "cash collateral" under subsection (c)(l) if:

> (A)    each entity that has an interest in such cash collateral consents; or

> (B)    the court, after notice and a hearing, authorizes such use, sale or lease in accordance with the provisions of this section.

*See* 11 U.S.C. § 363(c)(2)(A) and (B).

Further, upon the request of an entity that has an interest in property proposed to be used by the Debtor, the Court shall prohibit or condition such use "as is necessary to provide adequate protection of such interest."  11 U.S.C. § 363(e).

**A.    <u>The Debtor Should Be Authorized To Use Cash Collateral To Operate, Maintain And Preserve Its Business.</u>**

It is well settled that it is appropriate for a chapter 11 debtor to use cash collateral for a reasonable period of time for the purpose of maintaining and operating its property.  11 U.S.C. § 363(c)(2)(B)*; In re Sunnymead Shopping Center Co.*, 178 B.R. 809, 814 (9th Cir. BAP 1995) ("*Sunnymead*"); *In re Oak Glen R-Vee*, 8 B.R. 213, 216 (Bankr. C.D. Cal. 1981) .  In addition, where

8

the Debtor is operating a business, it is extremely important that the access to cash collateral be allowed in order to facilitate the goal of reorganization: "the purpose of Chapter 11 is to rehabilitate debtors and generally access to cash collateral is necessary to operate a business." *In re Dynaco Corporation*, 162 B.R. 389 (Bankr. D.N.H. 1993), *quoting In re Stein*, 19 B.R. 458, 459 (Bankr. E.D. PA  1982).  *See also, In re Delco Oil, Inc.,* 599 F.3d 1255, 1258 (11th Cir. 2010) ("a debtor reorganizing his business has a compelling need to use cash collateral in order to meet its daily operating expenses and rehabilitate its business"); *In re Prime, Inc.*, 15 B.R. 216, 219 (Bankr. W.D. Mo. 1981)("it is apparent that the Congress intended business under reorganization to proceed in as normal a fashion as possible").

The Debtor has only commenced its bankruptcy case because it will be locked out of its manufacturing facility on April 25, 2024.  The Debtor believes that it is in the overwhelming best interests of its estate, its business, its employees, its vendors and its creditors to continue to operate and maintain its business as a going concern.  The Court should authorize the Debtor to use cash collateral to continue to operate and maintain its business because the interests of the secured creditors are adequately protected.

## B.    The Secured Creditors Are Adequately Protected.

To the extent that an entity has a valid security interest in the revenues generated by property, those revenues constitute "cash collateral" under Section 363(a) of the Bankruptcy Code.  Pursuant to Section 363(c)(2), the Court may authorize the debtor to use a secured creditor's cash collateral if the secured creditor is adequately protected.  *Sunnymead,* 178 B.R. at 814; *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984).  *See also In re O'Connor,* 808 F.2d 1393, 1398 (10th Cir. 1987); *In re McCombs Properties VI, Ltd.,* 88 B.R. 261, 265 (Bankr. C.D. Cal. l988) ("*McCombs*").

Pursuant to the Supreme Court case of *United Savings Association v. Timbers of Inwood Forest Associates,* 108 S. Ct. 626, 629 (1988) ("*Timbers*") and subsequent case law, the property interest that a debtor must adequately protect pursuant to Section 363(c)(1) and (2) of the Bankruptcy Code is only the value of the lien that secures the creditor's claim.  108 S. Ct. at 630. *See also McCombs, Id.,* at 266.  Section 506(a) "limit[s] the secured status of a creditor (i.e., the secured creditor's claim) to the lesser of the [allowed amount of the] claim or the value of the

collateral." *McCombs, Id.,* at 266.  *See also, IN re Ernst Home Center, Inc.*, 209 B.R. 955 (Bankr.

W.D. Wash. 1997) (adequate protection is not meant to be a guarantee that a creditor will be paid in

full … the court must determine whether the creditor's interests are protected as nearly as possible

against the possible risks to that interest).

### 1.    The Lender is Adequately Protected By its Equity Cushion.

As set forth above, the Lender is oversecured.  The Debtor is indebted to the Lender for

$500,000.  The Debtor's assets are valued conservatively at $5 million, which makes the Lender

oversecured by approximately $4.5 million (or an equity cushion of approximately 1000%).  The

Lender is also secured by a personal guaranty from the Debtor's sole shareholder, Bernard Brucha.

To the best of the Debor's knowledge, the Debtor does not have any other creditor that has an

interest in its cash collateral.

It is well established that the existence of an equity cushion alone can constitute adequate

protection to a secured creditor when a debtor seeks to use cash collateral.  *In re Mellor*, 734 F.2d

1396 (9th Cir. 1984) (equity cushion is the classic form of protection for a secured debt justifying the

restraint of lien enforcement by a bankruptcy court … "it has been held that the existence of an

equity cushion, standing alone, can provide adequate protection").  In *Mellor*, the Ninth Circuit held

that a 20% equity cushion constituted adequate protection as a matter of law.  *In re Mellor*, 734 F.2d

at 1404.

### 2.    The Lender is Adequately Protected By The Continued Operations Of The Debtor's Business.

In this case, the Lender is also adequately protected by replacement liens and by the

continued operation of the Debtor's business.  The preservation of the value of a secured creditor's

lien is sufficient to provide adequate protection to a secured creditor when a debtor seeks to use cash

collateral.  *In re Triplett*, 87 B.R. 25 (Bankr. W.D. Tex. 1988).  *See also In re Las Vegas Monorail

Co.*, 429 B.R. 317, 341 (Bankr. D. Nev. 2010) (recognizing that other courts "have found that a

debtor's use of cash collateral to maintain properties from which rents are being generated is a

sufficient form of adequate protection); *In re Stein,* 19 B.R. 458 (Bankr. E.D. Pa. 1982).  In *Stein*,

the Court found that, as a general rule, a debtor may use cash collateral where such use would

1    enhance or preserve the value of the collateral, and allowed the debtor therein to use cash collateral

2    even though the secured party had no equity cushion for protection.  The *Stein* Court determined that

3    the use of cash collateral was necessary to the continued operations of the debtor, and that the

4    creditor's secured position could only be enhanced by the continued operation of the debtor's

5    business.  *See also In re McCombs, supra*, where the court determined that the debtor's use of cash

6    collateral for needed repairs, renovations and operating expenses eliminated the risk of diminution in

7    the creditor's interest in the cash collateral and such use would more likely increase cash collateral.

8         The Debtor believes that with its continued business operations, there will not be a diminution

9    in the value of its business.  In the case of *Matter of Pursuit Athletic Footwear, Inc.,* 193 B.R. 713,

10   716 (Bankr. D. Del. 1996), the Court, accepting the debtor's argument that no additional adequate

11   protection payments need be made, held as follows:

12        if there is no actual diminution in the value of [the] collateral
          through the date of the hearing, and [Debtor] can operate profitably
13        post-petition, [creditor] is adequately protected for the use of its cash
          collateral. 11 U.S.C. Section 361; *In re Newark Airport/Hotel Ltd.
14        Partnership*, 156 B.R. 444, 450 (Bankr. D.N.J. 1993); *In re Dynaco*,
          162 B.R. 389, 394-5 (Bankr. D.N.H. 1993); *In re Immenhausen
15        Corp*., 164 B.R. 347, 352 (Bankr. M.D. Fla. 1994).

16

17   The only way for the Debtor to maximize its going concern value and prevent diminution in the value

18   of its business is for the Debtor to continue to operate its business seamlessly.

19        **3.        The Lender is Adequately Protected By Replacement Liens Against The**

20                    **Debtor's Assets.**

21        Finally, and in order to provide the Lender with further adequate protection for the Debtor's

22   use of cash collateral, the Debtor proposes to provide the Lender with replacements lien against the

23   Debtor's post-petition assets with the same validity, priority, and scope as the Lender had with its

24   lien(s) against the Debtor's prepetition assets.

25   / / /

26   / / /

27   / / /

28   / / /

## IV.    CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order granting the Motion in its entirety and:

1.    Authorizing the Debtor to use cash collateral to pay all of the expenses set forth in the Budget;

2.    Granting the Lender as adequate protection of its prepetition collateral and cash collateral, replacement liens upon all postpetition assets of the Debtor's estate (except any "Avoidance Actions" arising under sections 544, 545, 546, 547, 548, 549, 550 or any similar provisions of the Bankruptcy Code) to the same extent, validity and priority as its liens upon the Debtor's prepetition assets;

3.    Authorizing and directing the applicable banks and other financial institutions to receive, process, honor and pay all checks presented for payment and to honor all electronic payment request made by the Debtor relating to its May 3, 2024 payroll (and to any other post-petition transaction);

4.    Scheduling a final hearing on this Motion; and

5.    Granting such other and further relief as the Court deems just and proper under the circumstances.

DATED:  April 25, 2024                          BG Law LLP


By:  /s/ Susan K. Seflin
         Susan K. Seflin
         Proposed Attorneys for Debtor
         and Debtor in Possession

**MASHindustries**
**Cash Flow**

| | | 4/29/2024 | 5/6/2024 | 5/13/2024 | 5/20/2024 | 5/27/2024 | 6/3/2024 | 6/10/2024 | 6/17/2024 | 6/24/2024 |
|---|---|---|---|---|---|---|---|---|---|---|
| Cash Balance, Beginning | | 172,800 | 41,620 | 32,930 | 37,881 | 85,093 | 143,893 | 35,716 | 41,927 | 113,610 |
| Receipts | | | | | | | | | | |
| Customer Payments | | 207,798 | 259,981 | 173,413 | 205,307 | 221,657 | 251,522 | 233,167 | 247,439 | 245,350 |
| Total Receipts | | 207,798 | 259,981 | 173,413 | 205,307 | 221,657 | 251,522 | 233,167 | 247,439 | 245,350 |
| Total Cash Available | | 380,598 | 301,600 | 206,343 | 243,188 | 306,750 | 395,415 | 268,883 | 289,366 | 358,959 |
| Non Insider Payroll and ER Taxes | | 53,651 | 53,651 | 53,651 | 53,651 | 53,651 | 53,651 | 53,651 | 53,651 | 53,651 |
| Insider Payroll and ER Taxes | | 5,597 | 5,597 | 5,597 | 5,597 | 5,597 | 5,597 | 5,597 | 5,597 | 5,597 |
| Payroll Fees | | 511 | 511 | 511 | 511 | 511 | 511 | 511 | 511 | 511 |
| Sales Tax \| 10% | 10% | 20,780 | 25,998 | 17,341 | 20,531 | 22,166 | 25,152 | 23,317 | 24,744 | 24,535 |
| Sales Tax \| Payment Plan | | | 2,982 | | | | 2,982 | | | |
| Sales Tax \| Q1 2024 | | 51,310 | | | | | | | | |
| Workers Compensation \| renewal policy down payment | | 16,793 | | | | | | | | |
| Workers Compensation | | | | 5,500 | | | | 5,500 | | |
| O/H Health Benefits | | | | 14,525 | | | | 14,525 | | |
| O/H Corporate & General Liability Insurance | | | | 8,601 | | | | 8,601 | | |
| O/H Auto Insurance/Shop Trucks | | | | 1,265 | | | | 1,265 | | |
| O/H IT Services/Servers/Security/Data | | | | | 3,051 | | | | 3,051 | |
| O/H Software/Licenses/NetSuite/Other | | | | | 5,000 | | | | 5,000 | |
| O/H Internet/Data | | | | | 1,390 | | | | 1,390 | |
| O/H Cellular Phones | | 415 | 415 | 415 | 415 | 415 | 415 | 415 | 415 | 415 |
| O/H Licenses and Fees | | | 357 | | | | 357 | | | |
| O/H Office Supply/Expense/Postage | | | | 150 | | | | | 150 | |
| O/H Equipment Rental/Copier | | | | 238 | | | | | 238 | |
| O/H Utilities | | | | | | 7,500 | | | | 7,500 |
| O/H Rent | | 84,925 | | | | | 84,925 | | | |
| O/H Equipment Lease/Edge Bander | | | 3,090 | | | | 3,090 | | | |
| O/H Equipment Lease/7004 | | | 4,304 | | | | 4,304 | | | |
| D/E Box Truck Vehicle Lease | | | | 2,606 | | | | 2,606 | | |
| D/E Vehicle Fuel | | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 |
| D/E Shop Supplies | | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 |
| D/E EDCO Disposal | | 1,107 | | | | | 1,107 | | | |
| D/E Equipment Rental/Propane | | | 501 | | | | 501 | | | |
| D/E Small Tools | | 333 | 333 | 333 | 333 | 333 | 333 | 333 | 333 | 333 |
| D/E Vendor Payments \| on project % complete \| 31% | 31% | 64,417 | 80,594 | 53,758 | 63,645 | 68,714 | 77,972 | 72,282 | 76,706 | 76,058 |
| Billd Exchange | | 38,639 | 89,837 | 3,470 | 3,470 | 3,470 | 98,302 | 37,853 | 3,470 | 28,625 |
| **Total Disbursement** | | 338,978 | 268,670 | 168,462 | 158,094 | 162,857 | 359,699 | 226,956 | 175,757 | 197,726 |
| **Cash Balance, ending** | | 41,620 | 32,930 | 37,881 | 85,093 | 143,893 | 35,716 | 41,927 | 113,610 | 161,234 |
| | | 41,620 | 32,930 | 37,881 | 85,093 | 143,893 | 35,716 | 41,927 | 113,610 | 161,234 |

**Exhibit A_001**

1  DAVID M. POITRAS – Bar No. 141309
   SUSAN K. SEFLIN - Bar No. 213865
2  JESSICA S. WELLINGTON - Bar No. 324477
   BG LAW LLP
3  21650 Oxnard Street, Suite 500
   Woodland Hills, CA 91367
4  Telephone:  (818) 827-9000
   Facsimile:  (818) 827-9099
5  Email:      dpoitras@bg.law
               sseflin@bg.law
6              jwellington@bg.law

7  Proposed Attorneys for Chapter 11 Debtor and
   Debtor in Possession
8

              UNITED STATES BANKRUPTCY COURT
9
              CENTRAL DISTRICT OF CALIFORNIA
10
                   SANTA ANA DIVISION
11

12  In re                          Case No. 8:24-bk-11046-TA

13  MASHindustries, Inc.,          Chapter 11

14                                 **INTERIM ORDER AUTHORING DEBTOR
                                   TO USE CASH COLLATERAL ON AN
15                                 INTERIM BASIS PENDING A FINAL
                                   HEARING, GRANTING REPLACEMENT
16                                 LIENS AND SETTING A FINAL HEARING**

17

18                                 <u>**Original Hearing:**</u>
                                   **Date:**  April 26, 2024
19                                 **Time:** 11:30 a.m.

20
                                   <u>**Continued Hearing:**</u>
21                                 **Date:**
                                   **Time:**
22                                 **Place:**

23

24

25

26

27

28

                                    1

**Exhibit B_001**

On April 26, 2024 at 11:30 a.m., an interim hearing (the "Interim Hearing") was held before the Honorable Theodor C. Albert, Chief United States Bankruptcy Judge for the Central District of California, for the Court to consider the *Emergency Motion For Authority to: (A) Use Cash Collateral on an Interim Basis Pending a Final Hearing; (B) Grant Replacement Liens; and (C) Set Final Hearing* [Doc. No. __] (the "Motion") filed by MASHindustries, Inc., the chapter 11 debtor and debtor in possession herein (the "Debtor"). Appearances were made as noted on the record.

By the Motion, the Debtor sought the following: (1) authorization to use cash collateral on an interim basis, (2) the granting to the U.S. Small Business Administration ("SBA"), as adequate protection of its prepetition collateral and cash collateral, replacement liens upon all postpetition assets of the Debtor's estate (except any "Avoidance Actions" arising under sections 544, 545, 546, 547, 548, 549, 550 or any similar provisions of the Bankruptcy Code) to the same extent, validity and priority as their respective liens upon the Debtor's prepetition assets, and (3) the setting of a final hearing on the relief requested in the Motion.

The Court, having reviewed and considered the Motion and all pleadings and papers filed in support thereof, having heard and considered the arguments of counsel made at the hearing, having found that notice of the Motion was adequate and appropriate under the circumstances, having set forth the Court's findings of fact and conclusions of law on the record, and finding good cause appearing therefor,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.    The Motion is granted on an interim basis to the extent set forth in this Order.

2.    Cash Collateral:  The Debtor is authorized to use cash collateral on an interim basis to pay all of the expenses set forth in the Budget attached as Exhibit A to the declaration of Lisa Boardman [Doc. No. __] filed in support of the Motion.

3.    The Debtor is authorized to deviate from the total expenses contained in the projections by no more than 15% on a cumulative basis and to deviate by category (provided the Debtor does not pay any expenses outside of any approved categories) without the need for further Court order.

4.    The SBA is hereby granted replacement liens upon all postpetition assets of the

**Exhibit B_002**

2980669

Debtor's estate (except any "Avoidance Actions" arising under sections 544, 545, 546, 547, 548, 549, 550 or any similar provisions of the Bankruptcy Code) to the same extent, validity and priority as their respective liens upon the Debtor's prepetition assets, as adequate protection of its prepetition collateral and cash collateral.

5.    All applicable banks and other financial institutions are authorized and directed to receive, process, honor and pay all checks presented for payment and to honor all electronic payment requests made by the Debtor relating to its May 3, 2024 payroll (and to any other post-petition transaction).

6.    A continued hearing on the Motion will be held on _____ at ___.

7.    The Debtor shall provide notice of the continued hearing on the Motion upon the top twenty (20) general unsecured creditors, all secured creditors, the Office of the United States Trustee and those parties who have requested special notice.

**IT IS SO ORDERED.**

# # #

**Exhibit B_003**

2980669



## SERVICE REPORT

dang.nguyen@ficoso.com  |  +19163138978

BG Law LLP
21650 Oxnard Street Suite 500
Woodland Hills CA
US 91367-4911
Attn:Mela Zepeda

| | |
|---|---|
| **Date:** | April 23, 2024 |
| **FCS Order Number:** | ORD-2290041-V1B3C4 |
| **Client Reference:** | 6091.001 and 6092.001: Mash |

## SERVICE

**Type of Service:**          State - UCC, Federal and State Tax Liens, and Judgments Search
**Jurisdiction/Filing Office:** Secretary of State or Equivalent, California, United States of America

**Order Specifics:**
**Effective Index Date:**     4/12/2024

## RESULTS

**Name:**                  **MashIndustries, Inc.**

| Type | Date | Document No. | Notes |
|---|---|---|---|
| See attached listing with copies | -- | -- | -- |

We guarantee our information to be as accurate as reasonable care can make it; however, the ultimate responsibility for maintaining files rests with the filing officer, and we accept no liability beyond the exercise of reasonable care.  No guarantee is given, nor liability assumed with respect to the identity of any party named or referred to above with respect to the validity, legal effect or priority of any matter shown herein.  In no event shall FIRST CORPORATE SOLUTIONS' liability exceed the fee amount.



# SEARCH REPORT

914 S Street, Sacramento, CA 95811
P: 800.406.1577 | F: 800.230.2217

## UCC Search Report

| | |
|---|---|
| **Type of Search** | UCCs, Federal Tax Liens, State Tax Liens, and Judgments |
| **Jurisdiction/Filing Office** | State of California, Secretary of State Uniform Commercial Code Division |
| **Estimated Currency Date** | Apr. 12, 2024 |
| **Last File Date** | Apr 14 2024 |
| **Subject Search Name** | MashIndustries, Inc. |
| **Search Key Entered** | MASH |

## Results

Based on a search of the indices of the Uniform Commercial Code Division of the Secretary of State of California, there are no active liens of record other than those set out below. Liens reflected in this report were based on the searcher's individual search parameters, the search key entered, as well as the searcher's choice of the liens ultimately included or excluded herein. Certification can only be obtained through the office of the California Secretary of State.

### 1. Notice of State Tax Lien

| | |
|---|---|
| **Document No.** | 20147419247362     Lapses 7/8/2024 |
| **Filed** | 7/8/2014 |
| **Debtor** | MASHINDUSTRIES, INC.
6320 CABALLERO BLVD
BUENA PARK CA 90620 |
| **Secured Party** | EMPLOYMENT DEVELOPMENT DEPARTMENT
PO BOX 826880
SACRAMENTO CA 94280 |
| **Amendment Type** | Amendment |
| **File No.** | 201474233337 |
| **Filed** | 8/6/2014 5:00:00 PM |

### 2. UCC

| | |
|---|---|
| **Document No.** | 20167510868597     Lapses 2/23/2026 |
| **Filed** | 2/23/2016 |
| **Debtor** | MASHINDUSTRIES, INC.
6320 CABALLERO BLVD
BUENA PARK CA 90620 |
| **Secured Party** | JPMORGAN CHASE BANK, NA
COLLATERAL MGMT SMALL BUSINESS, P.O. BOX 33035
LOUISVILLE KY 40232-9891 |
| **Amendment Type** | Amendment |
| **File No.** | 201876397477 |
| **Filed** | 3/22/2018 12:49:45 PM |
| **Amendment Type** | Amendment |

**Exhibit C_002**

|  |  |
|---|---|
| **File No.** | 20187642842 |
| **Filed** | 4/5/2018 1:17:59 PM |
| **Amendment Type** | Continuation |
| **File No.** | U200019919636 |
| **Filed** | 9/17/2020 4:09:15 AM |

## 3. UCC

|  |  |  |
|---|---|---|
| **Document No.** | 20177568173520 | Lapses 1/26/2027 |
| **Filed** | 1/26/2017 | |
| **Debtor** | MASHINDUSTRIES, INC. | |
| | 6320 CABALLERO BLVD | |
| | BUENA PARK CA 90620 | |
| **Secured Party** | JPMORGAN CHASE BANK, NA | |
| | COLLATERAL MGMT SMALL BUSINESS, P.O. BOX 33065 | |
| | LOUISVILLE KY 40232-9891 | |
| **Amendment Type** | Amendment | |
| **File No.** | 201775707627 | |
| **Filed** | 2/10/2017 11:43:33 AM | |
| **Amendment Type** | Continuation | |
| **File No.** | U210074615317 | |
| **Filed** | 8/11/2021 8:58:13 PM | |

## 4. UCC

|  |  |  |
|---|---|---|
| **Document No.** | 20197749847793 | Lapses 12/4/2024 |
| **Filed** | 12/4/2019 | |
| **Debtor** | MASHINDUSTRIES, INC. | |
| | 1700 E. VIA BURTON ST. | |
| | ANAHEIM CA 92806 | |
| **Secured Party** | CITIZENS BUSINESS BANK | |
| | 23046 AVENIDA DE LA CARLOTA, SUITE 100 | |
| | LAGUNA HILLS CA 92653 | |
| **Amendment Type** | Termination | |
| **File No.** | U200008209021 | |
| **Filed** | 8/3/2020 5:29:11 PM | |

## 5. UCC

|  |  |  |
|---|---|---|
| **Document No.** | U210059742528 | Lapses 6/24/2026 |
| **Filed** | 6/24/2021 | |
| **Debtor** | MASHINDUSTRIES, INC. | |
| | 7150 VILLAGE DR | |
| | BUENA PARK CA 90621 | |
| **Secured Party** | U.S. BANK EQUIPMENT FINANCE, A DIVISION OF U.S. BANK NATIONAL ASSOCIATION | |
| | 1310 MADRID STREET | |
| | MARSHALL MN 56258 | |

## 6. UCC

|  |  |  |
|---|---|---|
| **Document No.** | U210064326018 | Lapses 7/12/2026 |
| **Filed** | 7/12/2021 | |
| **Debtor** | MASHINDUSTRIES, INC. | |
| | 7150 VILLAGE DRIVE | |
| | BUENA PARK CA 90621 | |
| **Secured Party** | BIESSE AMERICA INC | |
| | PO BOX 19849 | |
| | CHARLOTTE NC 28219 | |

## 7. UCC

|  |  |  |
|---|---|---|
| **Document No.** | U220165452430 | Lapses 2/18/2027 |
| **Filed** | 2/18/2022 | |
| **Debtor** | MASH INDUSTRIES | |
| | 7150 VILLAGE DR | |
| | BUENA PARK CA 90621 | |

**Exhibit C_003**

**Secured Party** U.S. SMALL BUSINESS ADMINISTRATION
1545 HAWKINS BLVD, SUITE 202
EL PASO TX 79925

We assume no liability with respect to the identity of any party named or referred to in this report, nor with respect to the validity, legal effect or priority of any matter shown herein; nor, due to our inability to independently verify the accuracy of this data as provided by government and other sources, do we make any guaranty or representation as to its accuracy.

---------- END OF REPORT ----------

## Report Parameters

The UCC Revised Article 9 Model Administrative Rules (MARS) provide state filing offices with a set of guidelines for producing a legally compliant UCC lien search report. The search tool used to create this search report was designed to satisfy the requirements under MARS while providing the searcher with increased flexibility.

Flexible search logic generates a more inclusive search report and addresses the inconsistencies in searches performed within states that did not effectively adopt the MARS guidelines. Further, these specially designed broad-based searching features aid in the location of involuntary liens such as Federal and State Tax Liens and Judgment Liens and liens that may not be located in state databases limited to the MARS guidelines for the reporting of UCCs.

**Exhibit C_004**

RECORDING REQUESTED BY:
**STATE OF CALIFORNIA**
EMPLOYMENT DEVELOPMENT DEPARTMENT
888-745-3886

**14-7419247362**


**07/08/2014 17:00**


**FILED**
CALIFORNIA
SECRETARY OF STATE

**SOS**

**43830340006**   UCC 1 FILING

WHEN RECORDED MAIL TO:
**STATE OF CALIFORNIA**
**EMPLOYMENT DEVELOPMENT DEPARTMENT**
**LIEN GROUP, MIC 92G**
**PO BOX 826880**
**SACRAMENTO, CA 94280-0001**

---

## NOTICE OF STATE TAX LIEN
(Filed pursuant to Section 7171 of the Government Code)

MASHINDUSTRIES, INC.
6320 CABALLERO BLVD
BUENA PARK, CA  90620-1126

Secretary of State

Letter ID.  L0260979008

Certificate No. G000882679

| TAX PERIOD | TAX | PENALTY | INTEREST | TOTAL |
|---|---|---|---|---|
| 07/01/2013 to 09/30/2013 | $1,459.50 | $155.95 | $32.18 | $1,647.63 |

Interest calculated through 06/30/2014

The Director of the Employment Development Department hereby certifies the above is liable to the State of California for amounts due and required to be paid as determined under the provisions of the California Unemployment Insurance Code, the Revenue and Taxation Code, or both.

THE AMOUNT OF DELINQUENCY ABOVE SET FORTH SHALL BE A LIEN UPON ALL REAL OR PERSONAL PROPERTY AND RIGHTS TO SUCH PROPERTY, INCLUDING ALL AFTER-ACQUIRED PROPERTY AND RIGHTS TO PROPERTY BELONGING TO THE ABOVE NAMED.

Date: 06/30/2014
At Sacramento, California



The Director of the Employment Development Department has complied with all provisions of the California Unemployment Insurance Code in the computation and levy of the amount assessed and has caused this notice of lien to be issued by a duly authorized representative.

*Teresa Gage*

By _____
Authorized Representative
This agency has adopted the use of a facsimile signature as affixed above.

DE 2181 Rev. 5 (7-12)

**Exhibit C_005**

1325318144_P164_E7

RECORDING REQUESTED BY:
STATE OF CALIFORNIA
Employment Development Department
888-745-3886

WHEN RECORDED MAIL TO:
**STATE OF CALIFORNIA**
**Employment Development Department**
**LIEN GROUP, MIC 92G**
**PO BOX 826880**
**SACRAMENTO, CA 94280-0001**



**1474233337**

**08/06/2014 17:00**



**SOS**

**FILED**
CALIFORNIA
SECRETARY OF STATE

**44277850012** UCC 3 FILING

**TO CANCEL ERRONEOUS LIEN**
**NO FEE REQUIRED**

Recorded without fee per
Gov. Code Sec. 27361.3

## RELEASE OF LIEN
## IMPOSED UNDER A CERTIFICATE OR NOTICE OF STATE TAX LIEN

CERTIFICATE NO.  G000882679

LETTER ID.  L1352201024

The Director of the Employment Development Department of the State of California hereby releases and certifies that there has been released all property from any lien imposed thereon by the filing and recording of that certain Certificate or Notice of Amount of tax, penalty, and interest due under Section 1703 of the California Unemployment Insurance Code or Section 7171 of the Government Code from:

MASHINDUSTRIES, INC.

In the amount of  $1,647.63          which was recorded on  07/08/2014

in volume/page  14-7419247362          of Official Records of the Secretary of State



THE DIRECTOR OF THE EMPLOYMENT
DEVELOPMENT DEPARTMENT OF THE
STATE OF CALIFORNIA HAS CAUSED
THIS RELEASE TO BE ISSUED BY THE
DULY AUTHORIZED REPRESENTATIVE.

Date: 07/29/2014
This document is produced on a laser printer.

By _____  *Teresa Gage*

Authorized Representative
This agency has adopted the use of a
facsimile signature as affixed above.

DE2184 Rev 5 (7-12)

1501954048_P12_E1

**Exhibit C_006**

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Gisella Melendez
800-331-3282

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**
CT LIEN SOLUTIONS
2727 ALLEN PARKWAY
HOUSTON, TX 77019
USA

**DOCUMENT NUMBER:** 53549540002
**FILING NUMBER:** 16-7510868597
**FILING DATE:** 02/23/2016 19:42

IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Mashindustries, Inc. | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 6320 Caballero Blvd | Buena Park | CA | 90620 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| JPMorgan Chase Bank, NA | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| Collateral Mgmt Small business, P.O. Box 33035 | Louisville | KY | 40232-9891 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:
Rover, S1536 G FT NBC, 2016, 13500; Sektor, 470, 2016, 1000008069; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and accounts proceeds); All Inventory, Chattel Paper, Accounts, Equipment and General Intangibles; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and other accounts proceeds)

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION (if applicable):** ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**
CA-0-52652883-51150550

FILING OFFICE COPY

**Exhibit C_007**

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

| | |
|---|---|
| **A. NAME & PHONE OF CONTACT AT FILER (optional)**<br>Lien Solutions<br>800-331-3282 | |
| **B. E-MAIL CONTACT AT FILER (optional)** | |
| **C. SEND ACKNOWLEDGMENT TO: (Name and Address)**<br>Lien Solutions<br>P.O. Box 29071<br>Glendale, CA 91209-9071<br>USA | **DOCUMENT NUMBER:** 68778240002<br>**FILING NUMBER:** 18-76397477<br>**FILING DATE:** 03/22/2018 12:49<br><br>IMAGE GENERATED ELECTRONICALLY FOR XML FILING<br>THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY |

| | |
|---|---|
| **1a. INITIAL FINANCING STATEMENT FILE NUMBER**<br>16-7510868597 | **1b.** ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Filer: <u>Attach</u> Amendment Addendum (Form UCC3Ad) <u>and</u> provide Debtor's name in item 13 |

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

**3.** ☐ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b, <u>and</u> address of Assignee in item 7c <u>and</u> name of Assignor in item 9
For partial assignment, complete items 7 and 9 <u>and</u> also indicate affected collateral in item 8

**4.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

**5.** ☐ **PARTY INFORMATION CHANGE:**
Check <u>one</u> of these two boxes:                    <u>AND</u> Check <u>one</u> of these three boxes to:

This Change affects ☐ Debtor <u>or</u> ☐ Secured Party of record.   ☐ CHANGE name and/or address: Complete item 6a or 6b; <u>and</u> item 7a and 7b and Item 7c   ☐ ADD name: Complete item 7a or 7b, <u>and</u> item 7c   ☐ DELETE name: Give record name to be deleted in item 6a or 6b

**6. CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only <u>one</u> name (6a or 6b)

| | |
|---|---|
| OR | **6a. ORGANIZATION'S NAME** |

| | | | | |
|---|---|---|---|---|
| | **6b. INDIVIDUAL'S SURNAME** | **FIRST PERSONAL NAME** | **ADDITIONAL NAME(S)/INITIAL(S)** | **SUFFIX** |

**7. CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only <u>one</u> name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| | |
|---|---|
| | **7a. ORGANIZATION'S NAME** |
| OR | **7b. INDIVIDUAL'S SURNAME** |
| | **INDIVIDUAL'S FIRST PERSONAL NAME** |
| | **INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)** |   |   **SUFFIX** |

| | | | | |
|---|---|---|---|---|
| **7c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |

**8.** ☑ **COLLATERAL CHANGE:** <u>Also</u> check <u>one</u> of these four boxes: ☐ ADD collateral ☑ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral:
ABA Filling

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only <u>one</u> name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| | |
|---|---|
| OR | **a. ORGANIZATION'S NAME**<br>JPMorgan Chase Bank, NA |

| | | | | |
|---|---|---|---|---|
| | **b. INDIVIDUAL'S SURNAME** | **FIRST PERSONAL NAME** | **ADDITIONAL NAME(S)/INITIAL(S)** | **SUFFIX** |

**10. OPTIONAL FILER REFERENCE DATA:**
CA-0-63193914-54863148

FILING OFFICE COPY

**Exhibit C_008**

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

| | |
|---|---|
| A. NAME & PHONE OF CONTACT AT FILER (optional) <br> Lien Solutions <br> 800-331-3282 | |
| B. E-MAIL CONTACT AT FILER (optional) | |
| C. SEND ACKNOWLEDGMENT TO: (Name and Address) <br> Lien Solutions <br> P.O. Box 29071 <br> Glendale, CA 91209-9071 <br> USA | **DOCUMENT NUMBER:** 69112280002 <br> **FILING NUMBER:** 18-76420596 <br> **FILING DATE:** 04/05/2018 13:17 <br><br> IMAGE GENERATED ELECTRONICALLY FOR XML FILING <br> THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY |

| | |
|---|---|
| 1a. INITIAL FINANCING STATEMENT FILE NUMBER <br> 16-7510868597 | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Filer: Attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**
Check one of these two boxes:                                    AND Check one of these three boxes to:

This Change affects ☐ Debtor or ☐ Secured Party of record.     ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a and 7b and item 7c     ☐ ADD name: Complete item 7a or 7b, and item 7c     ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| OR | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| OR | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | 7b. INDIVIDUAL'S SURNAME | | | |
| | INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| | INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

8. ☑ COLLATERAL CHANGE: Also check one of these four boxes: ☐ ADD collateral  ☑ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral
Indicate collateral:
All Inventory, Chattel Paper, Accounts, Equipment and General Intagibles;whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing;all proceeds relating to any of the foregoing(including insurance, general intagibles and other accounts proceeds)

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| OR | a. ORGANIZATION'S NAME <br> JPMorgan Chase Bank, NA | | | |
|---|---|---|---|---|
| | b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
CA-0-63565985-54942280- Debtor: Mashindustries, Inc.

FILING OFFICE COPY

**Exhibit C_009**



U200019919636



**STATE OF CALIFORNIA**
*Office of the Secretary of State, Alex Padilla*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File #: U200019919636 |
| Date Filed: 9/17/2020 |

| Submitter Information: | |
| --- | --- |
| Contact Name | WOLTERS KLUWER LIEN SOLUTIONS |
| Organization Name | LIEN SOLUTIONS |
| Phone Number | 800-331-3282 |
| Email Address | uccfilingreturn@wolterskluwer.com |
| Address | P O BOX 29071 |
| | GLENDALE, CA 912099071 |

| Amendment Action Information: | |
| --- | --- |
| Initial Financing Statement File Number | 167510868597 |
| Date Filed | 02/23/2016 |
| Amendment Action | Continuation |

Name of Secured Party of Record Authorizing This Amendment:

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

| Authorizing Secured Party Name | JPMorgan Chase Bank, NA |
| --- | --- |

Optional Filer Reference Information:
76790680

**Exhibit C_010**

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
| --- |
| Gisella Melendez |
| 800-331-3282 |

| B. E-MAIL CONTACT AT FILER (optional) |
| --- |

| C. SEND ACKNOWLEDGMENT TO: (Name and Address) |
| --- |
| CT LIEN SOLUTIONS |
| 2727 ALLEN PARKWAY |
| HOUSTON, TX 77019 |
| USA |

**DOCUMENT NUMBER:** 59392470002
**FILING NUMBER:** 17-7568173520
**FILING DATE:** 01/26/2017 19:59

IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

1. **DEBTOR'S NAME:** Provide only <u>one</u> Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
| --- | --- | --- | --- | --- |
| Mashindustries, Inc. | | | | |

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| --- | --- | --- | --- |
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |
| 6320 Caballero Blvd | Buena Park | CA | 90620 | USA |

2. **DEBTOR'S NAME:** Provide only <u>one</u> Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
| --- | --- | --- | --- | --- |
| | | | | |

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| --- | --- | --- | --- |
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |
| | | | | |

3. **SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only <u>one</u> Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
| --- | --- | --- | --- | --- |
| JPMorgan Chase Bank, NA | | | | |

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| --- | --- | --- | --- |
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |
| Collateral Mgmt Small business, P.O. Box 33035 | Louisville | KY | 40232-9891 | USA |

4. **COLLATERAL:** This financing statement covers the following collateral:
., ., 2016, See Exhibit A; ROVER, A 1632 ATS, 2016, 1000010207; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and accounts proceeds)

5. Check <u>only</u> if applicable and check <u>only</u> one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check <u>only</u> if applicable and check <u>only</u> one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check <u>only</u> if applicable and check <u>only</u> one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
CA-0-57394159-52745805

FILING OFFICE COPY

**Exhibit C_011**

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Gisella Melendez
800-331-3282

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**
CT LIEN SOLUTIONS
2727 ALLEN PARKWAY
HOUSTON, TX 77019
USA

**DOCUMENT NUMBER:** 59680940002
**FILING NUMBER:** 17-75707627
**FILING DATE:** 02/10/2017 11:43

IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Filer: Attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |
|---|---|
| 17-7568173520 | |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**
Check one of these two boxes:                    AND Check one of these three boxes to:

This Change affects ☐ Debtor or ☐ Secured Party of record.     ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a and 7b and item 7c     ☐ ADD name: Complete item 7a or 7b, and item 7c     ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | | | | |
| | 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | | | | |
| | 7b. INDIVIDUAL'S SURNAME | | | |
| OR | | | | |
| | INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| | INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

8. ☑ COLLATERAL CHANGE: Also check one of these four boxes: ☑ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral:

See Attachment(s)

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)

If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| | a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | JPMorgan Chase Bank, NA | | | |
| OR | | | | |
| | b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
CA-0-57582499-52815911

FILING OFFICE COPY

**Exhibit C_012**

"See attached Exhibit A" (attached hereto and made a part thereof); whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and accounts proceeds).

This page and any following pages include and merge any text received for the collateral description with any attachments

**Exhibit C_013**

EXHIBIT A

## Laminate Creations

| YEAR / AGE | MANUFACTURER | MODEL | DESCRIPTION | VIN# / Serial # |
|---|---|---|---|---|
| 2013 | INVICTA | RT40 | TABLE SAW | 6720 |
| 2013 | KREG | DK100 | Single Spindle Electric Pocket Hole Machine | 470262 |
| 2014 | DELTA | SC/2 | SCM MINI MAX TABLE SAW | 61425 |
| | DELTA | DJ-20 | JOINER | 02C21349 |
| | DELTA | DC-380 | PLANER | J2652 |
| Dec-13 | VIET | S211 | TWO BELT SANDER | 5710159 |
| Nov-13 | GANNOMAT | Index 130 Logic | CASE CLAMP/PURCH W/WEEKE ABD100 $87,300.00 | 554.327/12904 |
| Mar-11 | LIGMATECH | Optimat MPH 400 | CASE CLAMP | 0-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 |
| Nov-13 | GANNOMAT | CONCEPT 70 | CONCEPT 70 EASY CASE CLAMP | 080.329/12953 |
| 8-Sep | SECLO | EB -75 | Beam Saw | 3059900 |
| 2013 | NEEDERMAN | S750 | DUST COLLECTION | N71486 |
| Jul-13 | BRE MA | EK0902 | MACHINING CENTER | 11570 |
| Sep-12 | SAW STOP | TS-12 | TABLE SAW | 1287221 |
| 2014 | KREG | DK1100FE | Single Spindle Electric Pocket Hole Machine | DK01292 |
| Mar-11 | WEEKE | ABD 100 | OPTIMAT DOWELL INSERT PURH W/ GANNOMAT $87,300.00 | 0-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 |
| 2015 | POWERMATIC | PM-2800B | DRILL PRESS | 14030767 |
| 2013 | SCMI | SI300-NOVA | NOVA | 208643 |
| Jun-05 | ATLAS COPO | GA 30 | COMPRESSOR | AP1321571 |
| 2005 | HOMAG | KAL 310/3/A3 | 2005 EDGEBANDER-BOUGHT USED IN 2012 | 0-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 |
| Feb-15 | CEFLA | PRIMA | SPRAY FINISHER | 660144 |
| 2013 | BIESSE | AKRON | EDGEBANDER | 42109 |
| Dec-06 | BIESSE | ROVER 20 | CNC MACHINE | 67859 |
| Jan-13 | BIESSE | SKILL - 1224 NBC | Complete Nested Based Cell CNC | 8353400 |
| 2006 | BIESSE | ROVER N 4.40 | CNC ROUTER MACHINE | 58853 |
| Jan-13 | ATLAS COPCO | GX 18 FF | AIR COMPRESSOR | 660144 |
| USED2008 | IDM | INDIMATIC | EDGEBANDER bought used in 2008 | AL-004143 |

**Exhibit C_014**



U210074615317



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File #: U210074615317 |
| Date Filed: 8/11/2021 |

| Submitter Information: | |
| --- | --- |
| Contact Name | WOLTERS KLUWER LIEN SOLUTIONS |
| Organization Name | LIEN SOLUTIONS |
| Phone Number | 800-331-3282 |
| Email Address | uccfilingreturn@wolterskluwer.com |
| Address | P.O. BOX 29071<br>GLENDALE, CA 912099071 |

| Amendment Action Information: | |
| --- | --- |
| Initial Financing Statement File Number | 177568173520 |
| Date Filed | 01/26/2017 |
| Amendment Action | Continuation |

Name of Secured Party of Record Authorizing This Amendment:

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

| Authorizing Secured Party Name | JPMorgan Chase Bank, NA |
| --- | --- |

Optional Filer Reference Information:

81921493

**Exhibit C_015**

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Corporation Service Company
800-858-5294

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**
CORPORATION SERVICE COMPANY
801 ADLAI STEVENSON DRIVE
Springfield, IL 62703-4261
USA

**DOCUMENT NUMBER:** 84164950002
**FILING NUMBER:** 19-7749847793
**FILING DATE:** 12/04/2019 14:39

IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Mashindustries, Inc. | | | |

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1700 E. Via Burton St. | Anaheim | CA | 92806 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Individual Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Citizens Business Bank | | | |

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 23046 Avenida De La Carlota, Suite 100 | Laguna Hills | CA | 92653 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:
All inventory, equipment, accounts (including but not limited to all health-care-insurance receivables), chattel paper, instruments (including but not limited to all promissory notes), letter-of-credit rights, letters of credit, documents, deposit accounts, investment property, money, other rights to payment and performance, and general intangibles (including but not limited to all software and all payment intangibles); all oil, gas and other minerals before extraction; all oil, gas, other minerals and accounts constituting as-extracted collateral; all fixtures; all timber to be cut; all attachments, accessions, accessories, fittings, increases, tools, parts, repairs, supplies, and commingled goods relating to the foregoing property, and all additions, replacements of and substitutions for all or any part of the foregoing property; all insurance refunds relating to the foregoing property; all good will relating to the foregoing property; all records and data and embedded software relating to the foregoing property, and all equipment, inventory and software to utilize, create, maintain and process any such records and data on electronic media; and all

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION (if applicable):** ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**
032 - 16101510 [173854933]

FILING OFFICE COPY

**Exhibit C_016**

## UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS

**9. NAME OF FIRST DEBTOR:** Same as line 1a or 1b on Financing Statement; if line 1b was left blank because individual Debtor name did not fit, check here ☐

| | |
|---|---|
| **9a. ORGANIZATION'S NAME** | |
| Mashindustries, Inc. | |
| **9b. INDIVIDUAL'S SURNAME** | |
| **FIRST PERSONAL NAME** | |
| **ADDITIONAL NAME(S)/INITIAL(S)** | **SUFFIX** |

OR

**DOCUMENT NUMBER: 84164950002**

**IMAGE GENERATED ELECTRONICALLY FOR XML FILING**
**THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY**

**10. DEBTOR'S NAME:** Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

| | | | | |
|---|---|---|---|---|
| **10a. ORGANIZATION'S NAME** | | | | |
| **10b. INDIVIDUAL'S SURNAME** | | | | |
| **INDIVIDUAL'S FIRST PERSONAL NAME** | | | | |
| **INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)** | | | | **SUFFIX** |
| **10c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |

OR

**11. ☐ ADDITIONAL SECURED PARTY'S NAME** or ☐ **ASSIGNOR SECURED PARTY'S NAME:** Provide only one name (11a or 11b)

| | | | |
|---|---|---|---|
| **11a. ORGANIZATION'S NAME** | | | |
| **11b. INDIVIDUAL'S SURNAME** | **FIRST PERSONAL NAME** | **ADDITIONAL NAME(S)/INITIAL(S)** | **SUFFIX** |
| **11c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |

OR

**12. ADDITIONAL SPACE FOR ITEM 4 (collateral):**
supporting obligations relating to the foregoing property; all whether now existing or hereafter arising, whether now owned or hereafter acquired or whether now or hereafter subject to any rights in the foregoing property; and all products and proceeds (including but not limited to all insurance payments) of or relating to the foregoing property.

**13. ☐** This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

**14.** This FINANCING STATEMENT:
☐ covers timber to be cut    ☐ covers as-extracted collateral    ☐ is filed as a fixture filing.

**15.** Name and address of RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

**16.** Description of real estate:

**17. MISCELLANEOUS:**

**FILING OFFICE COPY**

**Exhibit C_017**



U200008209021



**STATE OF CALIFORNIA**
*Office of the Secretary of State, Alex Padilla*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File #: U200008209021 |
| Date Filed: 8/3/2020 |

| Submitter Information: | |
| --- | --- |
| Contact Name | CORPORATION SERVICE COMPANY |
| Organization Name | CORPORATION SERVICE COMPANY |
| Phone Number | 18008585294 |
| Email Address | SPRFiling@cscglobal.com |
| Address | 801 ADLAI STEVENSON DR SPRINGFIELD, IL 62703 |

| Amendment Action Information: | |
| --- | --- |
| Initial Financing Statement File Number | 197749847793 |
| Date Filed | 12/04/2019 |
| Amendment Action | Termination |

**Name of Secured Party of Record Authorizing This Amendment:**

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

| Authorizing Secured Party Name | Citizens Business Bank |
| --- | --- |

**Optional Filer Reference Information:**
032 - 16101510 Debtor:Mashindustries, Inc.-032 - 16101510 1951 84750

**Exhibit C_018**



U210059742528



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File #: U210059742528 |
| Date Filed: 6/24/2021 |

**Submitter Information:**

| | |
| --- | --- |
| Contact Name | WOLTERS KLUWER LIEN SOLUTIONS |
| Organization Name | LIEN SOLUTIONS |
| Phone Number | 800-331-3282 |
| Email Address | uccfilingreturn@wolterskluwer.com |
| Address | P.O. BOX 29071 GLENDALE, CA 912099071 |

**Debtor Information:**

| Debtor Name | Mailing Address |
| --- | --- |
| MASHINDUSTRIES, INC. | 7150 VILLAGE DR BUENA PARK, CA 90621 |

**Secured Party Information:**

| Secured Party Name | Mailing Address |
| --- | --- |
| U.S. BANK EQUIPMENT FINANCE, A DIVISION OF U.S. BANK NATIONAL ASSOCIATION | 1310 MADRID STREET MARSHALL, MN 56258 |

**Indicate how documentation of Collateral is provided:**
Entered as Text

**Description:**
ONE (1) BIESSE STREAM A/6.0 EDGE BANDER MACHINE TOGETHER WITH ALL REPLACEMENTS, PARTS, REPAIRS, ADDITIONS, ACCESSIONS AND ACCESSORIES INCORPORATED THEREIN OR AFFIXED OR ATTACHED THERETO AND ANY AND ALL PROCEEDS OF THE FOREGOING, INCLUDING, WITHOUT LIMITATION, INSURANCE RECOVERIES.

**Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:**
Not Applicable

**Select an alternate Financing Statement type:**

**Select an additional alternate Financing Statement type:**

**Select an alternative Debtor/Secured Party designation for this Financing Statement:**

**Optional Filer Reference Information:**
81159201

**Exhibit C_019**

Page 1 of 1




U210064326018



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File #: U210064326018 |
| Date Filed: 7/12/2021 |

Submitter Information:

| | |
| :--- | :--- |
| Contact Name | CORPORATION SERVICE COMPANY |
| Organization Name | CORPORATION SERVICE COMPANY |
| Phone Number | 18008585294 |
| Email Address | SPRFiling@cscglobal.com |
| Address | 801 ADLAI STEVENSON DR SPRINGFIELD, IL 62703 |

Debtor Information:

| Debtor Name | Mailing Address |
| :--- | :--- |
| MASHINDUSTRIES, INC. | 7150 VILLAGE DRIVE BUENA PARK, CA 90621 |

Secured Party Information:

| Secured Party Name | Mailing Address |
| :--- | :--- |
| BIESSE AMERICA INC | PO BOX 19849 CHARLOTTE, NC 28219 |

Indicate how documentation of Collateral is provided:
Entered as Text

Description:
WOODWORKING MACHINERY
SERIAL:1000037983
STREAM A

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:
Not Applicable

Select an alternate Financing Statement type:

Select an additional alternate Financing Statement type:

Select an alternative Debtor/Secured Party designation for this Financing Statement:

Optional Filer Reference Information:
:MASHINDUSTRIES, INC. OC:2100146919 STREAM A 2142 29432

**Exhibit C_020**

Page 1 of 1

B0410-0400 07/12/2021 11:34 AM Received by California Secretary of State



U220165452430



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File #: U220165452430 |
| Date Filed: 2/18/2022 |

Submitter Information:

| | |
| --- | --- |
| Contact Name | CORPORATION SERVICE COMPANY |
| Organization Name | CSC |
| Phone Number | 18008585294 |
| Email Address | SPRFiling@cscglobal.com |
| Address | 801 ADLAI STEVENSON DR SPRINGFIELD, IL 62703 |

Debtor Information:

| Debtor Name | Mailing Address |
| --- | --- |
| MASH INDUSTRIES | 7150 VILLAGE DR BUENA PARK, CA 90621 |

Secured Party Information:

| Secured Party Name | Mailing Address |
| --- | --- |
| U.S. SMALL BUSINESS ADMINISTRATION | 1545 HAWKINS BLVD, SUITE 202 EL PASO, TX 79925 |

Indicate how documentation of Collateral is provided:

Entered as Text

Description:

All tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) instruments, including promissory notes (d) chattel paper, including tangible chattel paper and electronic chattel paper, (e) documents, (f) letter of credit rights, (g) accounts, including health-care insurance receivables and credit card receivables, (h) deposit accounts, (i) commercial tort claims, (j) general intangibles, including payment intangibles and software and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The security interest Borrower grants includes all accessions, attachments, accessories, parts, supplies and replacements for the Collateral, all products, proceeds and collections thereof and all records and data relating thereto. EXEMPT Per California Government Code Section 6103 PLEASE EXPEDITE  326968 9107

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:

Not Applicable

Select an alternate Financing Statement type:

Select an additional alternate Financing Statement type:

Select an alternative Debtor/Secured Party designation for this Financing Statement:

Optional Filer Reference Information:

1082451

**Exhibit C_021**

B0472-2262 02/18/2022 8:23 AM Received by California Secretary of State

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367**.

A true and correct copy of the foregoing document entitled**: DEBTOR'S NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION FOR AUTHORITY TO: (A) USE CASH COLLATERAL ON AN INTERIM BASIS PENDING A FINAL HEARING; (B) GRANT REPLACEMENT LIENS; AND (C) SET FINAL HEARING; MEMORANDUM OF POINTS AND AUTHORITIES [11 U.S.C. § 363 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 25, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Susan K Seflin**    sseflin@bg.law
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Jessica Wellington**    jwellington@bg.law, ecf@bg.law

☐    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**\*\*JUDGE'S COPY NOT REQUIRED IF LESS THAN 25 PAGES (GENERAL ORDER 23-01).**

☐    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 25, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.Ind

**Served via email before 12:00 pm on the attached spreadsheet.**

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 25, 2024 | Jessica Studley | /s/ Jessica Studley |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| Debtor Name | Creditor Name | Email Address |
| --- | --- | --- |
| MASHindustries, Inc. | BSP VBP PROPCO LLC | jill.brown@cushwake.com |
| MASHindustries, Inc. | Next Level Installations LLC | marlene@americancabinetworks.com |
| MASHindustries, Inc. | GL Veneer Company, Inc. | roseg@glveneer.com |
| MASHindustries, Inc. | RRS Finishers Group, LLC | accounting@mashstudios.com |
| MASHindustries, Inc. | Tile Expo Inc | dh@tileexpoinc.com |
| MASHindustries, Inc. | Royal Plywood Company, Llc | invoicing@royalplywood.com |
| MASHindustries, Inc. | West Coast Laminating, Inc. | rtritz@ebbradley.com |
| MASHindustries, Inc. | National Marble & Architectural Stone, Inc | gpmarich@roadrunner.com |
| MASHindustries, Inc. | Forest Plywood - MI | kmendez@forestplywood.com |
| MASHindustries, Inc. | Frank Recruitment Group | accountsna@frankgroup.com |
| MASHindustries, Inc. | Ortiz Custom Upholstery, Inc | adilene@ortizupholstery.com |
| MASHindustries, Inc. | California Timberline Inc | greg@caltimberline.com |
| MASHindustries, Inc. | CPS/Garten Corporation | jenifer@cpsgarten.com |
| MASHindustries, Inc. | IDS Interior Detail Solution | kurtc@idsolut.com |
| MASH STUDIOS, Inc. | MASHVENTURES | mblemel@mashventures.net |
| MASH STUDIOS, Inc. | Great Openings | kasiala@metalworks1.com |
| MASH STUDIOS, Inc. | Fabcon, Inc. | accounting@fabcon.com |
| MASH STUDIOS, Inc. | Baresque USA LLC | cs@baresque.us |
| MASH STUDIOS, Inc. | Suddath Relocation Systems of Oregon LLC | jeannie.friedl@suddath.com |
| MASH STUDIOS, Inc. | Concentric Spaces | chris@concentricspaces.com |
| MASH STUDIOS, Inc. | Concentric Spaces | jrizzardi@cairncross.com |
| MASH STUDIOS, Inc. | GLC Millworks | julie@glcmillworks.com |
| MASH STUDIOS, Inc. | Forest Plywood Co. | mbarrass@forestplywood.com |
| MASH STUDIOS, Inc. | Big Red Machine Shop | steve@bigredmachineshop.com |
| MASH STUDIOS, Inc. | Nace Sheet Metal Corp | lily@nacesheetmetal.com |
| MASH STUDIOS, Inc. | ORACLE Netsuite | collectionsteam_us@oracle.com |
| MASH STUDIOS, Inc. | MI Concepts LLC | michelle@mi-concepts.com |
| MASH STUDIOS, Inc. | Contract Installations, Inc. | stevemajcherek@aol.com |
| MASH STUDIOS, Inc. | Wing Partners LLC | michael@wingpartners.com |
| MASH STUDIOS, Inc. | OT Logistics Freight Transportation | invoicing@ot-logisticsllc.com |
| MASH STUDIOS, Inc. | Oncore Pro | mschmitz@systechs.com |
| Both | BSP VBP PROPCO, LLC | ROdson@soollp.com |
| Both | Counsel for SBA | elan.levey@usdoj.gov |