```
1  DAVID M. POITRAS – Bar No. 141309
   SUSAN K. SEFLIN – Bar No. 213865
2  JESSICA S. WELLINGTON – Bar No. 324477
   BG LAW LLP
3  21650 Oxnard Street, Suite 500
   Woodland Hills, CA 91367
4  Telephone:  (818) 827-9000
   Facsimile:   (818) 827-9099
5  Email:       dpoitras@bg.law
                sseflin@bg.law
6               jwellington@bg.law

7  Proposed Attorneys for Chapter 11 Debtors and
   Debtors in Possession
8
```

9                    UNITED STATES BANKRUPTCY COURT

10                    CENTRAL DISTRICT OF CALIFORNIA

11                            SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:24-bk-11046-TA |
| MASHindustries, Inc., | Chapter 11 |
|         Debtor and Debtor in Possession. | (Jointly Administered with Case No. 8:24-bk-11048-TA) |
| ☐ Affects MASHindustries, Inc.<br>☐ Affects Mash Studios, Inc.<br>☒ Affects Both Debtors | **DEBTORS' MOTION FOR ORDER LIMITING NOTICE AND RELATED RELIEF; DECLARATION OF LISA BOARDMAN IN SUPPORT THEREOF**<br><br>Date:   May 22, 2024<br>Time:  10:00 a.m.<br>Place:  Courtroom 5B – Via Zoom.gov<br>          411 West Fourth Street<br>          Santa Ana, CA 92701 |

MASHindustries, Inc. ("Industries") and Mash Studios, Inc. ("Studios"), the chapter 11 debtors and debtors in possession herein (each a "Debtor" and collectively, the "Debtors"), hereby file this motion (the "Motion"), pursuant to Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules," and individually, a "Bankruptcy Rule"), and Local Bankruptcy Rule 2081-1(a)(1), for the entry of an order limiting the scope of notice of certain matters otherwise

1

requiring notice to all creditors in the Debtors' pending chapter 11 bankruptcy cases (the "Cases"). The Debtors submit that the relief requested herein will mitigate the administrative burden that would otherwise be imposed upon the bankruptcy estates ("Estates") without significantly diminishing creditor participation in the administration of the Cases.

By the Motion, the Debtors request that the Court exercise the authority granted to it by the Bankruptcy Rules to limit notice in the Cases in the manner described in the attached Memorandum of Points and Authorities to the following parties, and to further authorize the Debtors to serve the following parties by email if the Debtors have a good and reliable email address for such parties:

(i) The Office of the United States Trustee;

(ii) The Subchapter V Trustee;

(iii) The creditors holding the 20 largest unsecured claims in each of the Cases;

(iv) The Debtors and their counsel;

(v) Secured creditors and their counsel;

(vi) Any official committee(s) of unsecured creditors and its/their counsel;

(vii) Parties who file with the Court and serve upon the Debtors requests for special notice in the Cases; and

(viii) Any party against whom direct relief is sought by motion, application or otherwise, including, by way of example and without limitation, the non-debtor party to an executory contract being assumed or rejected, parties asserting interests in property being sold, and the like.

Bankruptcy Rule 2002(a) provides that, unless otherwise ordered, pursuant to Bankruptcy Rules 2002(h), (i) and (l), notice of specified matters must be provided to, among others, all creditors. Other provisions of 11 U.S.C. sections 101 *et seq.* (the "Bankruptcy Code") and the Bankruptcy Rules require that the notice of specified matters be given to certain designated entities that are entitled to notice of the particular matters and to such other entities as the Court may direct. The Debtors estimate that they have, collectively, approximately 215 creditors; requiring the Debtors to give notice to all of these parties will impose burdensome administrative costs upon the Debtors, the Bankruptcy Court, and the Clerk's Office. Limiting notice in the fashion described in the Motion

will prevent the unnecessary waste of time and resources required to serve notice of certain pleadings and other documents on all creditors and interest holders, and allow the Debtors to administer the Estates in a more efficient manner.

Limiting notice will not materially prejudice any party because all parties will have an opportunity to respond to request special notice in the Cases.  Furthermore, any party with a pecuniary interest in the matters affected by a particular motion or pleading will be served by the Debtors as a matter of course.  Thus, the relief requested herein will not prejudice any party in interest in the Cases, and ultimately, due to cost savings, will benefit creditors of the Estates. Lastly, all creditors have already received the orders setting chapter 11 status conferences in these cases.

This Motion is based upon Bankruptcy Rules 2002 and 9007, applicable Local Bankruptcy Rules, and all other applicable law, the annexed Memorandum of Points and Authorities, the Declaration of Lisa Boardman, and any other evidence properly presented to the Court.

**WHEREFORE,** the Debtors respectfully request that the Court enter an order:

(1)   Granting the Motion in its entirety;

(2)   Limiting notice in the Cases as described in the Motion and approving the notice procedures set forth therein; and

(3)   Granting such other and further relief as the Court deems just and proper.

DATED:  April 30, 2024            BG LAW LLP

By: /s/ Susan K. Seflin
　　David M. Poitras
　　Susan K. Seflin
　　Jessica S. Wellington
Proposed Attorneys for Chapter 11 Debtors
and Debtors in Possession

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  FACTUAL BACKGROUND**

    **A.**    **General Case Background**

    1.    On April 24, 2024 (the "Petition Date"), the Debtors commenced the Cases by filing voluntary petitions under Chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No examiner or committee has been appointed in the Cases.

    2.    On April 25, 2024, Gregory K. Jones was appointed as the Subchapter V Trustee in both of the Debtors' bankruptcy Cases.

    3.    On April 25, 2024, the Court entered an order jointly administering the Debtors' Cases.  *See,* Doc. No. 21.

    **B.**    **Description of the Debtors' Businesses**

    4.    A detailed background of the Debtors' businesses, their secured and unsecured debt, as well as their need for emergency bankruptcy protection is set forth in the Declaration of Lisa Boardman filed in support of the Debtors' "first day" motions, Doc. No. 12, which is incorporated herein by this reference.

    5.    Based on the Debtors' books and records and as reflected in the master mailing lists filed on the Petition Date, the Debtors have more than 215 creditors.  Many of the motions and applications that will be filed in the Cases will involve matters that ordinarily fall within the parameters of notices required to be given to all creditors in the Cases, but which will not actually affect a majority of creditors.

    6.    Given the large number of creditors and interested parties involved in these Cases and in order to minimize, as much as possible, the administrative costs to the Estates associated with providing notice to all creditors, the Debtors request that, with respect to matters for which the Bankruptcy Code or the Bankruptcy Rules authorize the Court to limit or modify the manner of providing notice, the Court authorize the Debtors to deliver notices only to the following persons/entities and authorize the Debtors to deliver notice by email as long as the Debtors have a good and reliable email address for the parties:

      (i)      The Office of the United States Trustee;

      (ii)     The Subchapter V Trustee;

      (iii)    The creditors holding the 20 largest unsecured claims in each of the Cases;

      (iv)    The Debtors and their counsel;

      (v)     Secured creditors and their counsel;

      (vi)    Any official committee(s) of unsecured creditors and its/their counsel;

      (vii)   Parties who file with the Court and serve upon the Debtors requests for special notice in the Cases; and

      (viii)  Any party against whom direct relief is sought by motion, application or otherwise, including, by way of example and without limitation, the non-debtor party to an executory contract being assumed or rejected, parties asserting interests in property being sold, and the like.

**II.    RELIEF REQUESTED**

By this Motion, the Debtors request an order substantially in the form of the proposed order, attached hereto as **Exhibit 1**, authorizing and approving the notice procedures described in this Motion and in the Notice Procedures attached as **Exhibit 2**\.

The mailing of notices of all matters to creditors in these Cases would be impractical and would impose an enormous administrative and economic burden upon the Estates. Accordingly, as permitted by Bankruptcy Rules 2002(i) and 2002(m), the Debtors propose that the Court enter an order limiting notice and designating the parties upon whom notice must be served, and the manner of service with respect to all matters for which the Bankruptcy Code and the Bankruptcy Rules authorize the Court to designate or limit the parties entitled to notice and the manner of service, including, by way of example and without limitation, matters subject to Bankruptcy Rules 2002, 4001, 6004, 6006, 6007 or 9014. Specifically, the Debtors propose that, with respect to all such matters, the Court issue an order that provides that notice need be served only upon the following parties:

      (i)      The Office of the United States Trustee;

      (ii)     The Subchapter V Trustee;

|     |       |                                                                                                           |
| --- | ----- | --------------------------------------------------------------------------------------------------------- |
| (iii) | The creditors holding the 20 largest unsecured claims in each of the Cases; |
| (iv) | The Debtors and their counsel; |
| (v) | Secured creditors and their counsel; |
| (vi) | Any official committee(s) of unsecured creditors and its/their counsel; |
| (vii) | Parties who file with the Court and serve upon the Debtors requests for special notice in the Cases; and |
| (viii) | Any party against whom direct relief is sought by motion, application or otherwise, including, by way of example and without limitation, the non-debtor party to an executory contract being assumed or rejected, parties asserting interests in property being sold, and the like. |

Unless otherwise ordered by the Court, the limitation on notice proposed by this Motion shall not apply to the matters or proceedings referred to in Bankruptcy Rules 2002(a)(1) (meeting of creditors), 2002(a)(4) (hearing on the dismissal or conversion of the case(s)), 2002(a)(5) time fixed to accept or reject a proposed modification of a plan), 2002(b) (time fixed for filing objections and hearings to consider approval of a disclosure statement and confirmation of a plan), 2002(d) notice to equity security holders) and 2002(f) (time for filing claims and other special notices) which matters or proceedings, if applicable, shall be noticed in accordance with the Bankruptcy Rules.

The Debtors submit that the relief sought in the Motion is a means of limiting the cost of noticing in this chapter 11 case while simultaneously ensuring that all interested parties are afforded due process and are not prejudiced.

The Debtors are filing with the Court and serving a notice of this Motion on (a) the Office of the United States Trustee, (b) the Subchapter V Trustee, (c) each of the Debtors' twenty largest unsecured creditors; (c) the Debtors' secured creditors and their counsel; and (d) any parties that have requested special notice. The Debtors submit that such notice is appropriate under the circumstances as such notice provides a summary of the relief being requested by the Motion, and further provides that any party wanting a hard or electronic copy of the Motion will be promptly provided with such copy of the Motion upon written and/or email request.

2981757

If the Motion is granted, the Debtors propose to inform all creditors and other known parties in interest of the notice procedures set forth herein, including the ability of a creditor and party in interest to file a request for special notice if such party would like to receive all notices filed and served in the Cases, by service of a notice substantially in the form of **Exhibit 2** to the Motion. The Debtors submit that serving the *Notice of Order Limiting Scope of Notice and Opportunity to Request Special Notice* (the "Notice Procedures") (**Exhibit 2**) on all creditors and parties in interest provides such creditors and parties in interest with the information that they need in order to request special notice of all pleadings to be filed in these Cases, should such party decide to do so.

### III.    BASIS FOR RELIEF REQUESTED

#### A.    The Notice Procedures are Appropriate Under the Bankruptcy and Local Rules

The Bankruptcy Code, Bankruptcy Rules, and Local Rules provide the Court with authority to approve notice procedures and flexibility in the type of procedures that may be approved. The significant cost savings the Notice Procedures will provide to the Debtors' Estates, while avoiding prejudice to any party, is good cause for approval of the Notice Procedures.

Bankruptcy Rule 2002(m) states that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Fed. R. Bankr. P. 2002(m). *See also* Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given."). Section 102(1) provides that, where the Bankruptcy Code provides for an action to occur "after notice and a hearing," such action may occur "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances . . . ." 11 U.S.C. § 102(1)(A). Finally, Section 105(a) permits the Court to enter any order "appropriate to carry out the provisions" of the Bankruptcy Code. *See* 11 U.S.C. § 105(a).

Electronic noticing has become commonplace in bankruptcy proceedings, being specifically authorized by the Bankruptcy Rules and generally mandatory under the Local Rules and the local rules of other bankruptcy courts. Bankruptcy Rule 9036 authorizes parties in interest to request that

2981757

"all or part of the information required to be contained in the notice be sent by a specified type of electronic transmission[.]" Fed. R. Bankr. P. 9036.  Therefore, the limited notice requested by this Motion falls well within the Court's authority to regulate notices and will substantially reduce the administrative and economic burdens that would otherwise be imposed upon the Bankruptcy Court, the clerk of the Bankruptcy Court and the Debtors' Estates, without diminishing a creditor or party in interest's, opportunity to receive notice, if they so desire.

Accordingly, the Debtors submit that the relief requested herein is in its best interests and those of their Estates, creditors, and other parties in interest and will foster the efficient and economic administration of these Cases.  In light of the foregoing, the Debtors' request that the Court limit notice in these chapter 11 Cases should be approved.

## IV.    CONCLUSION

Based on the foregoing, the Debtors respectfully request that the Bankruptcy Court enter an order granting the relief requested herein, in substantially the form attached hereto as **Exhibit 1,** approving the Notice Procedures substantially in the form attached as **Exhibit 2**, and to grant such other relief as the Bankruptcy Court deems appropriate under the circumstances.

DATED:  April 30, 2024　　　　　　　　　BG LAW LLP

By: /s/ Susan K. Seflin
　　David M. Poitras
　　Susan K. Seflin
　　Jessica Wellington
Proposed Attorneys for Chapter 11 Debtors
and Debtors in Possession

### DECLARATION OF LISA BOARDMAN

I, Lisa Boardman, hereby declare as follows:

1. I am the Chief Operating Officer and Chief Financial Officer of MASHindustries, Inc., and Mash Studios, Inc., the chapter 11 debtors and debtors in possession herein (collectively, the "Debtors"). I have held this position since March of 2023. I perform all of the duties of a Chief Financial Officer and Chief Operating Officer, including the oversight of operations, finance, customer service, human resources and information technology. I hold a bachelor's degree in applied physics from Columbia University and an MBA in economics from Columbia University. Prior to working for the Debtors, I worked for a number of different companies as CFO and controller.

2. I am authorized to make this declaration on behalf of the Debtors. I have personal knowledge of the facts contained in this declaration and if called as a witness, I would and could competently testify under oath thereto.

3. Based on the Debtors' books and records, the Debtors collectively have more than 215 creditors.

4. Given the large number of creditors and interested parties involved in these Cases and in order to minimize, as much as possible, the administrative costs to the Estates associated with providing notice to all creditors, Debtors are requesting that, with respect to matters for which the Bankruptcy Code or the Bankruptcy Rules authorize the Court to limit or modify the manor of providing notice, the Court authorize the Debtors to deliver notices only to the persons/entities described in the Motion and authorize the Debtors to deliver notice by email as long as Debtors have a good and reliable email address for such parties.

5. The adoption of the procedure proposed in the Motion is necessary and appropriate for at least four reasons. First, having to provide notice of all such matters to all creditors may delay the Debtors' ability to efficiently administer assets of the Estates. I believe that allowing for the form of notice requested in the Motion will allow the Debtors to better focus their energies on maximizing value for creditors of the Estates. Second, sending notice to all creditors would substantially increase the copying and postage costs of these Cases, resulting in less value being potentially

available to creditors. Third, any party in interest who is sufficiently interested in the kinds of transactions that are the subject of the requested limitation of notice may, by special request, receive all notices. Fourth, any party against whom direct relief is sough by a motion, application or otherwise, will be afforded notice as a matter of course.

6. If the Motion is granted, the Debtors are proposing to inform all creditors and other known parties in interest of the notice procedures set forth herein, including the ability of a creditors and party in interest to file a request for special notice if such party would like to receive all notices filed and served in the Cases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of April, 2024, at Buena Park, California.

*Lisa Boardman*
———————————————
Lisa Boardman

DAVID M. POITRAS – Bar No. 141309
SUSAN K. SEFLIN – Bar No. 213865
JESSICA S. WELLINGTON – Bar No. 324477
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone:  (818) 827-9000
Facsimile:   (818) 827-9099
Email:        dpoitras@bg.law
                  sseflin@bg.law
                  jwellington@bg.law

Proposed Attorneys for Chapter 11 Debtors and
Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| In re | Case No. 8:24-bk-11046-TA |
|---|---|
| MASHindustries, Inc., | Chapter 11 |
| Debtor and Debtor in Possession. | (Jointly Administered with Case No. 8:24-bk-11048-TA) |
| ☐ Affects MASHindustries, Inc.<br>☐ Affects Mash Studios, Inc.<br>☒ Affects Both Debtors | **ORDER GRANTING DEBTORS' MOTION FOR ORDER LIMITING NOTICE AND RELATED RELIEF**<br><br>Date:   May 22, 2024<br>Time:  10:00 a.m.<br>Place:  Courtroom 5B<br>            411 West Fourth Street<br>            Santa Ana, CA 92701 |

The Court, having read and considered the Debtors' Emergency Motion for Order Limiting Notice and Related Relief (the "Motion") [Docket No. ___] and supporting declaration, the record in each of the Debtors' cases, the docket in each case, and for good cause appearing, therefor,

**HEREBY ORDERS AS FOLLOWS:**

1. The Motion is granted.

2. Notice is limited in the Debtors' cases as set forth in the Motion and the *Notice of Order Limiting Scope of Notice and Opportunity to Request Special Notice* (the "Notice") attached as Exhibit 2 to the Motion.

3. The notice procedures set forth in the Motion are approved.

4. Within five (5) business days of entry of this Order, the Debtors shall cause the Notice to be served via ECF or regular mail on all known creditors and parties in interest.

**IT IS SO ORDERED.**

### #

2

**Exhibit 1_002**

2981839

DAVID M. POITRAS – Bar No. 141309
SUSAN K. SEFLIN – Bar No. 213865
JESSICA S. WELLINGTON – Bar No. 324477
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:     dpoitras@bg.law
           sseflin@bg.law
           jwellington@bg.law

Proposed Attorneys for Chapter 11 Debtors and
Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MASHindustries, Inc.,<br><br>        Debtor and Debtor<br>        in Possession.<br><br>☐ Affects MASHindustries, Inc.<br>☐ Affects Mash Studios, Inc.<br>☒ Affects Both Debtors | Case No. 8:24-bk-11046-TA<br><br>Chapter 11<br><br>(Jointly Administered with<br><br>Case No. 8:24-bk-11048-TA)<br><br>**NOTICE OF ORDER LIMITING SCOPE OF NOTICE AND OPPORTUNITY TO REQUST SPECIAL NOTICE** |

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that the Court has entered an *Order Granting Debtors' Emergency Motion for Order Limiting Notice and Related Relief* [Doc. No. ---] (the "Order") sought by MASHindustries, Inc. and Mash Studios, Inc., the chapter 11 debtors and debtors in possession in the above-captioned chapter 11 bankruptcy cases (collectively, the "Debtors"), which establishes the scope of notice to be given in connection with certain pleadings and proceedings in the Debtors' bankruptcy cases.  If you are receiving this notice in the mail, then the Debtors' records indicate that

you are a creditor, former creditor and/or a party in interest in the Debtors' bankruptcy cases. This Notice may affect you and you should read it in its entirety.

**PURSUANT TO THE ORDER, ALL CREDITORS AND PARTIES IN INTEREST WILL RECEIVE THIS NOTICE AND NOTICE OF THE FOLLOWING PROCEEDINGS:**

1. Any hearing on the dismissal or conversion of the Debtors' case(s);

2. The first meeting of creditors conducted pursuant to Section 341(a) of the Bankruptcy Code;

3. The time to file proofs of claim in the Debtors' bankruptcy cases;

4. Certain matters related to a disclosure statement and plan of reorganization, including any modification thereof (but not including extensions of the Debtors' exclusivity periods in which to file and/or confirm a plan); and

5. Any other matter for which the Court requires that the notice be served on all creditors and/or interest holders.

**PLEASE TAKE FURTHER NOTICE** that in order to receive notice of other proceedings in these cases not included in the list above, you will be required to file with the Clerk of the Bankruptcy Court and serve upon proposed counsel for the Debtors, at the address on the upper left hand corner of this Notice, a written request for special notice in a form consistent with the Court's rules.

**PLEASE TAKE FURTHER NOTICE** that copies of all pleadings filed in this case can be viewed and downloaded by visiting the following website: https://www.cacb.uscourts.gov/.

DATED: April 30, 2024                    BG LAW LLP

                                         By: /s/ Susan K. Seflin
                                             David M. Poitras
                                             Susan K. Seflin
                                             Jessica S. Wellington
                                         Proposed Attorneys for Chapter 11 Debtors
                                         and Debtors in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367**.

A true and correct copy of the foregoing document entitled**: DEBTORS' MOTION FOR ORDER LIMITING NOTICE AND RELATED RELIEF; DECLARATION OF LISA BOARDMAN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **April 30, 2024,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jonathan Arias**     jarias@zwickerpc.com
- **Michael J Hauser**     michael.hauser@usdoj.gov
- **Gregory Kent Jones (TR)**     gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
- **David M Poitras**     dpoitras@bg.law
- **Susan K Seflin**     sseflin@bg.law
- **United States Trustee (SA)**     ustpregion16.sa.ecf@usdoj.gov
- **Jessica Wellington**     jwellington@bg.law, ecf@bg.law

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**\*\*JUDGE'S COPY NOT REQUIRED IF LESS THAN 25 PAGES (GENERAL ORDER 23-01).**

\*\*\*The top 20 general unsecured creditors, parties requesting special notice and secured creditors will be served via mail on May 1, 2024 and a supplemental proof of service will be filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____**,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| April 30, 2024 | Jessica Studley | /s/ Jessica Studley |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                     **F 9013-3.1.PROOF.SERVICE**