DAVID M. POITRAS – Bar No. 141309
SUSAN K. SEFLIN – Bar No. 213865
JESSICA S. WELLINGTON – Bar No. 324477
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:    dpoitras@bg.law
          sseflin@bg.law
          jwellington@bg.law

Proposed Attorneys for Chapter 11 Debtors and
Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MASHindustries, Inc.,<br><br>        Debtor and Debtor<br>        in Possession.<br><br>☐ Affects MASHindustries, Inc.<br>☒ Affects Mash Studios, Inc.<br>☐ Affects Both Debtors | Case No. 8:24-bk-11046-TA<br><br>Chapter 11<br><br>(Jointly Administered with<br><br>Case No. 8:24-bk-11048-TA)<br><br>**MASH STUDIOS, INC.'S EMERGENCY MOTION TO DISMISS ITS CHAPTER 11 CASE; DECLARATION OF BERNARD BRUCHA IN SUPPORT THEREOF**<br><br>**Requested Hearing:**[1]<br>Date:   May 22, 2024<br>Time:  10:00 a.m.<br>Place:  Courtroom 5B<br>           411 West Fourth Street<br>           Santa Ana, CA 92701 |

**TO THE HONORABLE THEODOR C. ALBERT, CHIEF UNITED STATES BANKRUPTCY JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE OFFICE OF THE UNITED STATES TRUSTEE, THE SUBCHAPTER V TRUSTEE, SECURED CREDITORS, THE TWENTY LARGEST UNSECURED CREDITORS, PARTIES REQUESTING SECIAL NOTICE, AND OTHER PARTIES-IN-INTEREST:**

---

[1] Pursuant to the Court's local rules, Mash Studios, Inc. is filing an application for order shortening time for the hearing to be heard on May 22, 2024 at 10:00 a.m.

1

**THIS MOTION SEEKS DISMISSAL OF THE MASH STUDIOS, INC. CHAPTER 11 CASE ONLY - THE MASH INDUSTRIES CHAPTER 11 CASE IS NOT BEING DISMISSED**

Mash Studios, Inc. ("Studios"), a debtor and debtor-in-possession in the above-captioned jointly-administered[2] chapter 11 bankruptcy cases (collectively, the "Debtors"), hereby files this emergency motion (the "Motion"), pursuant to Local Bankruptcy Rules 1017-2(e), 2081-1 and 9075-1, Rules 1017, 2002 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules," and individually, a "Bankruptcy Rule"), and Sections 105(a) and 1112(b) of Title 11 of the United States Code, 11 U.S.C. Sections 101 *et seq.* (the "Bankruptcy Code"), for the entry of an order dismissing Studios' chapter 11 case (the "Studios Case").  Studios submits that dismissal of the Studios Case is imperative as to its ability to continue to operate as a going concern.  Since the April 24, 2024 filing of the Studios Case, several clients of Studios have expressed serious concern with contracting with Studios while it is in bankruptcy, and as of the date of this Motion, three clients of Studios have advised Studios that they will not be going forward with their prior intention to retain Studios to complete substantial projects for them.  This reaction from existing and prospective clients of Studios was unexpected, and is devastating to Studios' ability to continue to operate as a going concern.  Accordingly, Studios seeks the immediate dismissal of its chapter 11 case.  Alternatively, the chapter 11 case will likely convert to a chapter 7 case, and there will be no proceeds available for creditors after payment to the United States Small Business Administration (the "SBA"), Studios' senior secured creditor. Outside of bankruptcy, Studios reasonably believes that it can pay its creditors in the ordinary course of business.  Accordingly, and based upon the points and authorities set forth below, Studios seeks entry of an order dismissing the Studios Case as soon as possible.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    FACTUAL BACKGROUND**

    **A.    General Case Background**

On April 24, 2024 (the "Petition Date"), Studios and its affiliate MASHindustries, Inc.

---

[2] Orders authorizing the joint administration of the Studios and Industries chapter 11 cases were entered on April 25, 2024.

2

("Industries"), each commenced a chapter 11 case by filing voluntary petitions under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No examiner or committee has been appointed in the cases. Gregory K. Jones was appointed as the Subchapter V Trustee in both cases on April 25, 2024. **As set forth above, if the Motion is granted, only the Studios Case will be dismissed. Industries will remain in a chapter 11 bankruptcy case and will proceed to prepare and file a chapter 11 plan of reorganization.**

       **B.**      **Description of the Debtor's Business**

Studios, a California corporation, was formed in 2002 by Bernard Brucha. Studios designs custom office furniture for large corporations such as Nike, Chanel and Google. In 2013, one of Studios suppliers went out of business and Mr. Brucha formed Industries to acquire those assets to begin a furniture and millwork manufacturing business. Mr. Brucha is the sole shareholder of each of the Debtors.

Industries manufacturing operations are located in 7150 Village Drive, Buena Park, California (the "Buena Park Property"). Industries employs approximately 34 people and Studios has 7 employees. Industries' website is www.mashindustries.com and Studios' website is www.mashstudios.com.

For the fiscal year 2023, Industries gross revenue was $5,001,733 and Studios gross revenue was $9,066,031. Prior to Covid in 2020, the Debtors' combined business were historically profitable. Along with the commercial office market in general, the Debtors' businesses were hit extremely hard by the Covid pandemic, with new orders greatly reduced for 2020 through 2023. The Debtors' businesses have began turning the corner in 2024 and the Debtors reduced their overhead greatly by laying off approximately 30 employees, and closing Studios' headquarters and showrooms. In particular Studios' business was on the rise in 2024, until the unexpected consequences of the chapter 11 filing knocked it backwards.

       **C.**      **Facts Supporting Immediate Dismissal**

On the Petition Date, Studios had approximately $6 million in new orders on the books. Since then, Studios has lost $2 million of those orders because Studios is in bankruptcy. I.e., the

reason for the cancellation of the orders is that the respective customers will not hire Studios while it is in bankruptcy. Furthermore, Studios has two existing customers that do not yet know Studios has filed bankruptcy, with projects totaling just under one million dollars. Studios believes that it will lose this business once the customers learn of the Studios Case. Lastly, Studios has several furniture dealers and furniture sales representatives that have stopped selling Studios' furniture line. This equates to a loss of 50% of Studios' business on an annual basis.

Outside of bankruptcy, Studios reasonably believes that its clients, historical, existing and prospective, will return with jobs, and that dismissal is in the best interest of creditors and the bankruptcy estate.

Studios is a service business with limited personal property assets and does not own any real property. The value at Studios is in the talent, the people, not tangible assets. The SBA, Studios' senior secured lender, is owed approximately $2M by Studios. As of the Petition Date, Studios had a ready made furniture line with an inventory book value of $752,000. [See, Schedule A/B, 21.1, Doc. No. 42 in the Studios Case]. Studios estimates that an orderly liquidation of its furniture line would net maximum $350,000. If the Studios Case is not dismissed, and is instead converted to chapter 7, it is unlikely that there will be sufficient proceeds to pay the SBA in full. Outside of bankruptcy, Studios believes that it can pay the SBA, and its other creditors, in the ordinary course of business. Studios notes that this may not be possible as it has not been able to resolve its dispute with the Buena Park Property landlord.

The main reason that Studios filed its chapter 11 case was to preserve Industries' rights to possession of the Buena Park Property. Although Industries has always occupied the Buena Park Property with its manufacturing facility, Studios is the named tenant on the lease. In 2023, Industries began having problems timely paying the rent of $86,000 per month on the Buena Park Property and as of the Petition Date, the Debtors were seven months behind on rent though they paid the March and April rent prior to the Petition Date, and paid the May rent in full after the Petition Date.

On January 10, 2024, Buchanan Street Partners ("BSP"), the landlord for the Buena Park Property, served Studios with a three day notice to pay rent or quit. While the Debtors responded to

the three-day notice with a settlement proposal, the Debtors were not able to make the full payment and their payment plan was rejected by BSP. Thereafter, on February 16, 2024, BSP filed an unlawful detainer action against Studios and obtained a default judgment and a writ of possession for the Buena Park Property. On Friday, April 19, 2024, Studios was served with a *Notice to Vacate* the Buena Park Property on or before April 25, 2024 at 6:01a.m. including Industries' manufacturing facility (the "Facility"). The Facility is integral to the operation of Industries' business. The chapter 11 cases were filed to provide the Debtors with a reasonable opportunity to either: (i) negotiate a resolution with BSP to allow Industries to continue in possession of the Buena Park Property and operate the Facility, or (ii) find new space for Industries to operate its business and allow for a reasonable period of time to transition to a new facility.

In connection with the proposed dismissal of the Studios Case, the Debtors and their principal Bernard Brucha attempted to negotiate a consensual resolution of the BSP dispute. Among other things, Mr. Brucha offered to personally pay BSP $250,000, and he offered a personal guarantee (which the landlord currently does not have). Negotiations were unsuccessful.

As set forth above, Studios cannot operate profitably in chapter 11. In addition, Studios reasonably believes that it can pay its creditors outside of bankruptcy in the ordinary course of business. Accordingly, Studios requires immediate dismissal of its chapter 11 case.

## II.    BASIS FOR RELIEF REQUESTED

Bankruptcy Code section 1112(b)(1) provides that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."

The bankruptcy court has broad discretion in determining what constitutes "cause" adequate for dismissal under 11 U.S.C. § 1112(b). *See In re Consolidated Pioneer Mortg. Entities*, 248 B.R. 368, 375 (9th Cir. B.A.P. 2000). While section 1112(b)(4) identifies a number of factors that can constitute "cause" for dismissal or conversion of a case, the list is not exhaustive. *Id*. The Ninth Circuit Bankruptcy Appellate Panel recently opined in *In re Bronson*, 2013 WL 2350791 (9th

5

Cir.BAP Ariz.) that:

> Indeed, we have held that bankruptcy courts enjoy wide latitude in determining whether the facts of a particular case constitute cause for conversion or dismissal under § 1112(b). See Pioneer Liquidating Corp. v. U.S. Trustee (In re Consol. Pioneer Mortg. Entities), 248 B.R. 368, 375 (9th Cir.BAP2000), aff'd, 264 F.3d 803 (9th Cir.2001); see also In re Greenfield Drive Storage Park, 207 B.R. at 916. This wide latitude is driven in part by common sense. Having presided over the often lengthy and complex reorganization proceedings, the bankruptcy court has a familiarity with the parties and the issues that puts it in the best position to make the "cause" determination under § 1112(b). In addition, the wide latitude afforded to bankruptcy courts is consistent with the legislative history accompanying § 1112(b): 'the court will be able to consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases.' In re Consol. Pioneer Mortg. Entities, 248 B.R. at 375 (quoting H. Rept. No. 95–595, 95th Cong., 1st Sess. 405–06 (1977), reprinted in 1978 U.S.C.C.A.N. 6362).

*In re Bronson*, 2013 WL 2350791, at *8 (9th Cir.BAP Ariz.). Here, as set forth below, there are enumerated provisions of section 1112(b)(4) that constitute "cause" to either dismiss or convert this case.

Based upon the facts set forth above, as supported by the declaration of Lisa Boardman in support of this Motion, the Studios Debtor submits that it has clearly established cause for the immediate dismissal of the Case.

### A. Best Interest of Creditors and the Estate Test

Once "cause" is established, the Court must dismiss the case or convert it to chapter 7, "whichever is in the best interests of creditors and the estate . . . unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors of the estate." See 11 U.S.C. § 1112(b)(1) and *In re Nelson*, 343 B.R. 671, 675 (9th Cir.BAP 2006).

Studios submits that, based upon the fact that in a liquidation, no funds will be available for creditors except the SBA as the senior secured creditor, dismissal is in the best interest of creditors.

### B. "Unusual Circumstances" Test

As noted above, when the court finds "cause" to dismiss or convert a chapter 11 case, the court must then decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of creditors and the estate. The court, however, may not convert or dismiss a case if there exist "unusual circumstances" that establish dismissal or conversion is not in the best

6

interests of creditors and the estate. See 11 U.S.C. § 1112(b)(2).  The debtor bears the burden of proving the "unusual circumstances." *In re Sanders*, 2013 WL 1490971, at *7 (9th Cir. BAP Apr. 11, 2013) (*citing In re Orbit Petroleum, Inc.*, 395 B.R. 145, 148 (Bankr.D.N.M 2008)).

The Studios Debtor submits that there are no unusual circumstances present which would cause dismissal not to be in the best interests of creditors and the estate.  To the contrary, the unusual circumstances in this case: (i) the clients unwillingness to work with a chapter 11 debtor, (ii) no proceeds to unsecured creditors in a liquidation, (iii) Studios having to file chapter 11 to protect the Facility, and (iv) and the postpetition agreement with BSP, are "unusual circumstances" **in support** of dismissal.

## III.    CONCLUSION

Based on the foregoing facts and reasons,  and based upon such other and further oral and/or written evidence as may be presented at the time of the hearing on the Motion, the Studios Debtor respectfully requests that the Bankruptcy Court enter an order dismissing this chapter 11 case on the earliest date, and to grant such other relief as the Bankruptcy Court deems appropriate under the circumstances.

DATED:  May 20, 2024                              BG LAW LLP

                                                  By:  /s/ Susan K. Seflin
                                                       David M. Poitras
                                                       Susan K. Seflin
                                                       Jessica Wellington
                                                  Proposed Attorneys for Mash Studios, Inc, Chapter 11 Debtor and Debtor in Possession

## DECLARATION OF BERNARD BRUCHA

I, Bernard Brucha, hereby declare as follows:

1. I am the Chief Executive Officer and 100% shareholder of MASHindustries, Inc. ("Industries"), and Mash Studios, Inc. ("Studios"), the chapter 11 debtors and debtors in possession herein (collectively, the "Debtors").

2. I submit this declaration in support of the motion ("Motion") to which it is annexed. Any capitalized term in this declaration has the same meaning as set forth in the Motion.

3. Since the Petition Date, Studios has lost $2 million in orders based solely on the fact that Studios is in a pending chapter 11 bankruptcy case. I have attempted to assure Studios' customers that Studios is operating in the ordinary course of business, but Studios' customers are large corporations that will not take any risk.

4. We have two existing customers that do not yet know Studios has filed bankruptcy, with projects totaling just under one million dollars. I am concerned that when they learn of Studios' bankruptcy filing, they will also terminate Studios' services.

5. We have several furniture dealers and furniture sales representatives that have stopped selling Studios' furniture line. This equates to a loss of 50% of Studios' business on an annual basis.

6. If Studios' bankruptcy case is not dismissed and I am not able to attempt to revive the business that has been lost, then the only alternative for Studios is to convert and immediately liquidate, which would likely result in only the SBA obtaining a partial recovery on its secured loan.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of May, 2024, at Buena Park, California.

_____
Bernard Brucha

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367**.

A true and correct copy of the foregoing document entitled**: MASH STUDIOS, INC.'S EMERGENCY MOTION TO DISMISS ITS CHAPTER 11 CASE; DECLARATION OF BERNARD BRUCHA IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **May 20, 2024,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jonathan Arias**     jarias@zwickerpc.com
- **Shawn M Christianson**     cmcintire@buchalter.com, schristianson@buchalter.com
- **Michael J Hauser**     michael.hauser@usdoj.gov
- **Gregory Kent Jones (TR)**     gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
- **Elissa Miller**     elissa.miller@gmlaw.com, emillersk@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com
- **Matthew D Pham**     mpham@allenmatkins.com, mdiaz@allenmatkins.com
- **David M Poitras**     dpoitras@bg.law
- **Susan K Seflin**     sseflin@bg.law
- **Alan G Tippie**     Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **United States Trustee (SA)**     ustpregion16.sa.ecf@usdoj.gov
- **Jessica Wellington**     jwellington@bg.law, ecf@bg.law

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **____**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **____,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.Ind

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 20, 2024 | Jessica Studley | /s/ Jessica Studley |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*     **F 9013-3.1.PROOF.SERVICE**