DAVID M. POITRAS – Bar No. 141309
SUSAN K. SEFLIN – Bar No. 213865
JESSICA L. BAGDANOV – Bar No. 281020
JESSICA S. WELLINGTON – Bar No. 324477
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:    dpoitras@bg.law
          sseflin@bg.law
          jbagdanov@bg.law
          jwellington@bg.law

Attorneys for Chapter 11 Debtor and
Plan Proponent

**FILED & ENTERED**

**JAN 28 2025**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY deramus  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MASHindustries, Inc.,<br><br>　　　　Debtor and Debtor<br>　　　　in Possession. | Case No. 8:24-bk-11046-TA<br><br>Chapter 11<br><br>**ORDER CONFIRMING DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION DATED NOVEMBER 14, 2024**<br><br>**Confirmation Hearing:**<br>Date: January 8, 2025<br>Time: 10:00 a.m.<br>Place: Courtroom 5B<br>　　　United States Bankruptcy Court<br>　　　411 West Fourth Street<br>　　　Santa Ana, CA 92701 |

　　　　On January 8, 2025, at 10:00 a.m. (the "Confirmation Hearing"), a hearing was held before

the Honorable Theodor C. Albert, Chief United States Bankruptcy Judge for the Central District of California, Santa Ana Division (the "Court"), for the Court to consider (i) the *Chapter 11 Plan of Reorganization Dated November 14, 2024* [Doc. No. 199] (as may be amended or modified, the "Plan")[1] filed by MASHindustries, Inc., the chapter 11 debtor in possession and plan proponent herein (the "Debtor"), and (ii) the Debtor's motion for confirmation of the Plan [Doc. No. 209] (the "Motion").  Appearances are as noted on the record at the Confirmation Hearing.

The Court having reviewed and considered the (a) the Motion and the Plan (and all pleadings and documents filed in support thereof, and all exhibits either submitted in connection therewith or of which the Bankruptcy Court has taken judicial notice as appropriate under the Federal Rules of Evidence 201(b) and (c)); (b) the *Supplemental Notice of Hearing to Be Held Remotely Using Zoomgov Audio and Video* [Doc. No. 213]; (c) the limited objection [Doc. No. 206] (the "BSP Objection") to confirmation of the Plan filed by the Debtor's landlord BSP VBP Propco, LLC ("BSP"); (d) the Subchapter V Trustee's statement regarding the Plan [Doc. No. 207]; (e) the *Order Setting Deadlines Relating to Plan Confirmation* [Doc. No. 198] (the "Scheduling Order"); (f) the *Notice of Hearing on Plan Confirmation, and Summary of Debtor's Chapter 11 Plan of Reorganization Dated November 14, 2024* [Doc. No. 200] (the "Confirmation Notice"); (g) the *Plan Ballot Summary* [Doc. No. 210] (the "Ballot Summary"); (h) the *Declaration of Susan K. Seflin in Support of Ballot Summary* [Doc. No. 210]; (j) the *Certificate of Service* [Doc. No. 204] (the "Certificate of Service") of: (i) the Plan, (ii) the Confirmation Notice, and (iii) the Ballots; and (k) other pleadings on file as set forth on the record; the Court having considered the representations and arguments of counsel made at the Confirmation Hearing; and the Court having determined based upon all of the foregoing that the Plan should be confirmed, as reflected by the Court's rulings made herein and on the record at the Confirmation Hearing; and upon the Court having found that due and proper notice has been given with respect to the Confirmation Hearing and the deadlines and procedures for filing objections to the Plan and votes to accept or reject the Plan; and such notice being sufficient under the circumstances and no further or other notice being required; and after due

---

[1] Any capitalized terms used but not defined in this Order have the same meaning ascribed to them in the Plan.

2

deliberation and sufficient cause appearing therefor, the Court hereby:

**FINDS, DETERMINES AND CONCLUDES THAT:**[2]

### Commencement of Chapter 11 Case

A. <u>Commencement Date.</u>  The Debtor commenced its bankruptcy case by filing a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code on April 24, 2024.  The Debtor has operated its business and managed its financial affairs as a debtor in possession pursuant to Section[3] 1184.  No examiner or committee has been appointed in the Debtor's chapter 11 case.  On April 25, 2024, Gregory K. Jones was appointed as the Subchapter V Trustee in the Debtor's bankruptcy case.

### Jurisdiction and Venue

B. <u>Jurisdiction and Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a)).</u>  The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334.  Confirmation of the Plan is a core proceeding in which the Court may enter a final order in accordance with 28 U.S.C. § 157(b)(2)(A) and (b)(2)(L); *see also* Local Rule 9013-1(c)(4) and (f)(3).  No creditor, party in interest, or entity has objected to the Court's ability or authority to enter a final order in this matter consistent with the requirements of Article III of the U.S. Constitution, whether by way of formal written objection or at the Confirmation Hearing.  *See id.*  The Court, therefore, finds that all parties to these proceedings and the Confirmation Hearing have consented to the Court's entry of a final order in this matter.  In addition, the Court determines that it has the authority enter a final order in this matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 157(b)(2)(L) without the need of any further action or review by the United States District Court for the Central District of California as a condition precedent to entry of

---

[2] The findings and conclusions set forth herein and/or in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rule 7052 and 9014 of the Bankruptcy Rules.  To the extent any of the findings of fact recited herein constitute conclusions of law, they are adopted as such.  To the extent any of the conclusions of law recited herein constitute findings of fact, they are adopted as such.

[3] All references to a "Section" shall refer to the Bankruptcy Code. All references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Bankruptcy Rules for the United States Bankruptcy Court for the Central District of California.

3

a final order in this matter. *See, e.g.,* 28 U.S.C. § 157(c). The Debtor is an eligible debtor under Sections 109 and 1182(1)(A).

   C. <u>Venue.</u> Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

   D. <u>Judicial Notice.</u> This Court takes judicial notice of the docket of the case maintained by the Clerk of this Bankruptcy Court and/or its duly-appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered and all evidence and arguments made, proffered or adduced at the hearings held before this Court during the pendency of this case.

**<u>Solicitation and Notice</u>**

   E. <u>Notice.</u> The Debtor provided notice of the Confirmation Hearing and of the time fixed for filing objections to plan confirmation to all entities entitled to receive that notice, including all of the Debtor's known creditors. The Confirmation Notice fully and adequately described the requested relief, was reasonable and appropriate, and complied in all regards with due process. The Confirmation Notice also complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all relevant orders of the Court, including the Scheduling Order.

   F. <u>Transmittal of Solicitation Materials.</u> (i) The Solicitation Package (including the Confirmation Notice, the Plan and a ballot), (ii) the Confirmation Notice (which included a summary of the Plan and a link to the web address https://broadwayadvisors.com/mash/ where the Plan was publicly available at no cost in electronic format, and (iii) ballots (the "Ballots") for voting on the Plan were transmitted and served in compliance with the Bankruptcy Code, the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules, and all other applicable laws and regulations. The transmittal and service of the Solicitation Package, Confirmation Notice, and the Ballots (the "Solicitation") was conducted in good faith, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable rules, laws and regulations.

   G. <u>Voting.</u> As evidenced by the Ballot Summary, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

4

**Compliance with the Requirements of the Bankruptcy Code**

H.    <u>Section 1190.</u>  The Plan satisfies all of the requirements under Section 1190.

I.    <u>Section 1191(a).</u>  The Court has considered the analysis set forth in the Motion and Ballot Summary and has undertaken an independent analysis of the Plan and the requirements of Section 1191(a) and has determined that the Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all orders of this Court with respect to the Plan, and that the Plan meets the requirements of Section 1191(a) as follows:

1.    <u>Section 1129(a)(1).</u>  The Plan satisfies each and every requirement of Sections 1122 and 1123.

2.    <u>Section 1129(a)(2).</u>  The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(2) of the Bankruptcy Code.

3.    <u>Section 1129(a)(3).</u>  The Debtor has proposed the Plan (including all documents necessary to effectuate the Plan) in good faith and not by means forbidden by law, thereby satisfying Section 1129(a)(3).

4.    <u>Section 1129(a)(4).</u>  The Plan provides for the Court's review and approval of all fees and expenses of the estate's professionals, for services or for costs and expenses in connection with the case, prior to payment by the Debtor and/or Reorganized Debtor unless the Court previously authorized the payment of fees and expenses in connection with the employment of a professional.  Therefore, the Plan complies with Section 1129(a)(4).

5.    <u>Section 1129(a)(5).</u>  The Plan specifies that the Debtor's current officers and directors will become the officers and directors of the Reorganized Debtors, satisfying Section 1129(a)(5).

6.    <u>Section 1129(a)(6).</u>  Section 1129(a)(6) is inapplicable to the Plan because the Plan does not provide for any rate changes over which a governmental regulatory commission has jurisdiction.

7.    <u>Section 1129(a)(7).</u>  The requirements under Section 1129(a)(7) have been met because Class 5, the only impaired class entitled to vote under the Plan, voted to accept the Plan as set forth in the Ballot Summary.

ORDER#1454895#13ECEDAA-1A83-4993-9771-B9D93D62E91E

8.  Section 1129(a)(8). Section 1129(a)(8) has been satisfied because Class 5, the only impaired class, voted to accept the Plan.

9.  Section 1129(a)(9). The treatment of Allowed Administrative Claims and Allowed Priority Tax Claims under the Plan satisfies the requirements of Section 1129(a)(9), as modified by Section 1191(e).

10. Section 1129(a)(10). Class 5 is impaired by the Plan and voted to accept the Plan. Accordingly, the Plan satisfies Section 1129(a)(10) as at least one class of impaired claims has accepted the Plan.

11. Section 1129(a)(11). The evidence proffered in support of the Plan (a) is persuasive and credible, (b) has not been controverted by evidence, and (c) establishes that the Plan is feasible and that there is a reasonable prospect of the Reorganized Debtor being able to meet its financial obligations under the Plan and its business in the ordinary course, and that confirmation of the Plan is not likely to be followed by the liquidation or the need for further reorganization of the Debtor, thereby satisfying the feasibility requirement of Section 1129(a)(11).

12. Section 1129(a)(12). This Section is not applicable as there are no fees due pursuant to Section 1930(a) of title 28 of the United States Code in a Subchapter V case.

13. Section 1129(a)(13). Section 1129(a)(13) is not applicable to the Debtor as the Debtor does not have any retiree benefits.

14. Section 1129(a)(14). The Debtor is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation. Accordingly, Section 1129(a)(14) is inapplicable to the Debtor.

15. Section 1129(a)(15). The Debtor is not an individual. Accordingly, Section 1129(a)(15) is inapplicable to the Debtor.

16. Section 1129(a)(16). The Debtor is a moneyed, business, or commercial entity and thus Section 1129(a)(16) is inapplicable to the Debtor.

**Exculpations, Discharge, Releases, and Injunctions**

J.  The exculpations, discharge, releases, and injunctions contained within the Plan, as

ORDER#1454895#13ECEDAA-1A83-4993-9771-B9D93D62E91E

modified by this Confirmation Order, including Sections V.D.11 and Sections VI.A and VI.B of the Plan, comply with the Bankruptcy Code and the Bankruptcy Rules, and no provision in the Plan constitutes a nonconsensual, non-debtor, third party release.

K. The Court approves the Debtor's request to amend the exculpation clause in the Plan at Section V.D.11 as follows: (a) the reference to successors and assigns is deleted; (b) the reference to attorneys and professionals means "retained" attorneys and professionals; and (c) the exculpation provision at Section V.D.11 of the Plan only applies to conduct which occurred from the petition date through the effective date of the Plan, with the exception of conduct relating to post-effective date motions to modify or amend the Plan.

L. Pursuant to Sections 105(a), 1123(b)(3), 1129, and 1141 and Bankruptcy Rule 3016, the exculpations, discharges, releases, and injunctions set forth in the Plan, as modified by this Confirmation Order, are an integral part of the Plan, are fair, equitable, reasonable, and in the best interest of the Debtor, its Estate, and the Holders of Claims and Equity Interests.

**Retention of Jurisdiction**

M. The Court may properly retain jurisdiction over the matters set forth in Section V.E of the Plan and of Section 1142.

**The Plan Satisfies Confirmation Requirements**

N. The failure specifically to include or reference any particular provision of the Plan in these Findings and Conclusions shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

O. Based on the foregoing, all other pleadings, documents, exhibits, statements, declarations, and affidavits filed in connection with the confirmation of the Plan, and all evidence and arguments made, proffered, or adduced at the Confirmation Hearing, the Plan satisfies the requirements for confirmation set forth in Section 1191(a).

**ACCORDINGLY, BASED ON ALL OF THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. <u>Confirmation.</u> The Plan is confirmed under Section 1191(a), and the Plan is incorporated into this Confirmation Order by reference as if the Plan had been attached as an exhibit.

ORDER#1454895#13ECEDAA-1A83-4993-9771-B9D93D62E91E

In the event of any inconsistency between the Plan and the provisions of this Confirmation Order, the provisions of this Confirmation Order are controlling.

2. <u>Overruling of Objections</u>. All formal or informal objections or responses in opposition to the Plan or the Motion, to the extent not already withdrawn, waived or settled, including the BSP Objection, are overruled in their entirety.

3. <u>SBA Secured Claim</u>. Commencing February 1, 2025, the Debtor shall pay the Small Business Administration ("SBA") $5,010 a month for three months or until the SBA's post-petition arrearages of $7,515 are paid in full.

4. <u>Plan Implementation Authorization; Effectuation of Transactions</u>. The provisions in Section V.D of the Plan governing the means for implementation of the Plan shall be, and hereby are, approved in their entirety.

    a. <u>General Authorization.</u> The transactions described in the Plan are hereby approved. On or before the Effective Date, and after the Effective Date, as necessary, and without any further notice to creditors or other parties in interest or further order of the Court or other authority, the Debtor and the Reorganized Debtor and their members, managers, officers, attorneys and financial advisors are authorized and empowered pursuant to Section 1142(b) and applicable state laws (i) to grant, issue, execute, deliver, file or record any agreement, document, or security relating to the Plan, or any other documents related thereto and (ii) to take any action necessary or appropriate to implement, effectuate, and consummate the Plan in accordance with its terms. All such actions taken or caused to be taken shall be deemed to have been authorized and approved by the Court without further approval, act or action under any applicable law, order, rule or regulation, including, without limitation, any action required by the Reorganized Debtor including, among other things, (a) the incurrence of all obligations contemplated by the Plan and the making of all distributions under the Plan, (b) all transfers of funds to be made pursuant to the Plan, and (c) entering into any all transactions, contracts, leases, instruments, releases and other documents and arrangements contemplated by the Plan and/or otherwise permitted by applicable law, order, rule or regulation. Pursuant to Section 1142, to the extent that, under applicable

ORDER#1454895#13ECEDAA-1A83-4993-9771-B9D93D62E91E

nonbankruptcy law any of the foregoing actions that would otherwise require approval of the members or managers of the Debtor, such approval shall be deemed to have occurred and shall be in effect from and after the Effective Date pursuant to applicable state law without any requirement of further action by the members or the managers of the Debtor.  Any or all documents contemplated herein shall be accepted by each of the respective state filing offices and recorded, if required, in accordance with applicable state law and shall become effective in accordance with their terms and the provisions of state law.  All counterparties to any documents described in this paragraph are hereby directed to execute such documents as may be required or provided by such documents, without any further order of this Court.

        b.     <u>Release Liens.</u>  Within 30 days of satisfaction of Secured Claims as set forth in the Plan, holders of such Claims shall file releases of their liens with the appropriate government agencies (the "Release Procedures").  In the event that the foregoing Claimants do not complete the Release Procedures, the Reorganized Debtor shall be granted, pursuant to this Confirmation Order, power of authority for the limited purpose of implementing and consummating the Release Procedures.

        c.     <u>Corporate Action.</u>  Upon entry of this Confirmation Order, Bernard Brucha shall be the Reorganized Debtor's 100% shareholder.  Entry of this Confirmation Order shall constitute all approvals, consents and actions required by any shareholder of the Debtor under applicable law, and shall enable the Debtor or the Reorganized Debtor to execute any documents, instruments or agreements, and to take all corporate and other actions that are specified in the Plan or this Confirmation Order that are necessary or appropriate to perform, implement and effectuate the Plan.

5.     <u>Binding Effect</u>.  On the date this Confirmation Order is entered, the provisions of the Plan shall bind any holder of a Claim or Interest and such holder's respective successors and assigns, whether or not such Claim or Interest of such holder is impaired under the Plan, whether or not such holder has accepted the Plan, and whether or not such holder is entitled to a distribution under the Plan, and any and all non-debtor parties that are parties to executory contracts and unexpired leases

9

in this case, and the respective heirs, executors, administrators, successors, or assigns, if any, of the foregoing.

6.  <u>Provisions of Plan and Order Non-severable and Mutually Dependent.</u>  The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.  The fact that any particular provision(s) of the Plan is/are not specifically referenced in this Confirmation Order, shall not diminish or impair the efficacy of such provision(s) or such related agreement(s); it is the intent of the Court that the Plan be confirmed.

7.  <u>Notice.</u>  As evidenced by the Certificate of Service, (i) proper, timely, adequate and sufficient notice of the Confirmation Hearing and the deadline for filing and serving objections to the Plan has been provided, (ii) such notice constitutes due and proper notice for purposes of Sections 102(1) and 1128 and Bankruptcy Rules 2002, 3016, 3017, 3018, 6006, 9006, and 9014; (iii) such notice was reasonable, sufficient and appropriate under the circumstances and is hereby approved, and (iv) no other or further notice of the Confirmation Hearing, the deadline for filing and serving objections to the Plan, or of the entry of this Confirmation Order is required.

8.  <u>Plan Classification and Treatment.</u>  All Claims and Equity Interests shall be, and hereby are, classified and treated as set forth in the Plan.  The Plan's classification scheme shall be, and hereby is, approved.  The treatment of all Claims and Interests as provided in the Plan shall be, and hereby is, approved.

9.  <u>Revesting of Assets (Sections 1141(b) & (c)).</u>  As set forth in Section VI.C of the Plan, except as provided elsewhere in the Plan, as of the Effective Date, all property of the Estate shall revest in the Reorganized Debtor free and clear of all claims, liens, encumbrances or other interests.  From and after the Effective Date, the Reorganized Debtor may operate its business and may use, acquire, and dispose of property, including payment of all business expenses and professional fees and expenses, and compromise and settle any claims or causes of actions without supervision or consent of the Bankruptcy Court, and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.

ORDER#1454895#13ECEDAA-1A83-4993-9771-B9D93D62E91E

  10. <u>Retention of Causes of Action / Reservation of Rights.</u>  As set forth in Section VI.C of the Plan, the Reorganized Debtor shall have, retain, reserve and be entitled to assert all claims, causes of action, rights of setoff and other legal or equitable defenses that the Debtor had immediately prior to the Petition Date as fully as if the Debtor's bankruptcy case had not been commenced; and all of the Reorganized Debtor's legal and equitable rights respecting any such claims which are not specifically waived, extinguished, or relinquished by the Plan may be asserted after the Effective Date by the Reorganized Debtor.

  11. <u>Retained Assets.</u>  To the extent that the retention by the Reorganized Debtor of any assets held immediately prior to the Effective Date by the Debtor is deemed, in any instance, to constitute "transfers" of property, such transfers of property (a) are or shall be legal, valid and effective transfers of property, (b) vest the Reorganized Debtor with good title to such property, free and clear of all liens, charges, claims, encumbrances or interests (except as expressly provided in the Plan or this Confirmation Order), (c) do not and shall not constitute avoidable transfers under the Bankruptcy Code or under applicable nonbankruptcy law, and (d) do not and shall not subject the Debtor or the Reorganized Debtor to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law, including by laws affecting successor or transferee liability.

  12. <u>Treatment of Executory Contracts and Unexpired Leases.</u>  The provisions regarding executory contracts and unexpired leases contained in Section V.D.12 of the Plan are hereby approved.  The unexpired leases and executory contracts set forth in Section V.D.12.a of the Plan are hereby assumed.  Any of the Debtor's executory contracts and/or unexpired leases that were not assumed in Section V.D.12.b of the Plan are deemed rejected.

  For the avoidance of doubt, nothing in the Plan should be construed as modifying the treatment of the previously assumed lease between the Debtor and BSP as provided in the *Order: (1) Approving Compromise Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure; and (2) Authorizing Debtor to Assume Lease Pursuant to 11 U.S.C. § 365* [Doc. No. 194] (other than that the obligations of the Debtor shall become the obligations of the Reorganized Debtor following confirmation).

ORDER#1454895#13ECEDAA-1A83-4993-9771-B9D93D62E91E

13. <u>Exemption from Transfer Taxes.</u>  Pursuant to Section 1146(c), any transfer from the Debtor or the Reorganized Debtor to any other person pursuant to the Plan in the United States shall not be subject to any stamp tax or similar tax.  State or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any instruments or other documents concerning the foregoing transfer(s) without the payment of any such tax or governmental assessment.

14. <u>Payment of Statutory Fees.</u>  All fees payable pursuant to section 1930(a)(6) of title 28 of the United States Code due and payable through the Effective Date shall be paid by or on behalf of the Debtor on or before the Effective Date, and amounts due thereafter shall be paid by or on behalf of the Reorganized Debtor in the ordinary course of business until the entry of a final decree closing the Debtor's case, or the case is converted or dismissed.

15. <u>Government Approvals Not Required.</u>  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, and any amendments or modifications thereto.

16. <u>Filing and Recording.</u>  This Confirmation Order is and shall be binding upon and shall govern all acts of all persons or entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument.  Each and every federal, state, and local governmental agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including financing statements and termination statements under the Uniform Commercial Code) to effectuate, implement, and consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any recording tax, stamp tax, transfer tax, or similar tax imposed by state or local law.

ORDER#1454895#13ECEDAA-1A83-4993-9771-B9D93D62E91E

17. <u>Discharge of Claims (Section 1141).</u>  Pursuant to Section VI.A of the Plan, and except as otherwise provided in this Confirmation Order, the rights afforded in and the payments and distributions to be made under the Plan shall discharge the Reorganized Debtor from all existing debts and claims and terminate any and all interests of any kind, nature or description whatsoever against or in the Debtor or the Reorganized Debtor or any of its assets to the fullest extent permitted by Section 1141 of the Bankruptcy Code.  Except as provided in the Plan and in this Confirmation Order, to the fullest extent permitted by Section 1141, upon Confirmation of the Plan, all existing claims against the Debtor or the Reorganized Debtor shall be, and shall be deemed to be, satisfied and terminated, the Reorganized Debtor shall be discharged, and all holders of such claims shall be precluded and enjoined from asserting against the Debtor, the Reorganized Debtor, their successors or assignees or any of their assets, any other or further claim based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation of the Plan, whether or not such holder has filed a proof of claim and whether or not the facts or legal bases therefor were known or existed prior to the Confirmation of the Plan.  Except as provided otherwise in this Confirmation Order, Confirmation of the Plan and entry of this Confirmation Order discharges all debts or liabilities, whether contingent, unliquidated, disputed, known or unknown, that were incurred or arose before the Confirmation of the Plan.  This includes all types of claims, interests and obligations arising out of and/or including, but not limited to, (i) all causes of action under state and Federal law, (ii) trade payables, (iii) lease claims, (iv) tax claims including interest, (v) environmental claims, and (vi) any other known or unknown claim from any debt arising prior to Plan Confirmation.  For the avoidance of doubt, other than the timely filing of a Proof of Claim, any attempts to recover on a pre-Confirmation Claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest, including through self-help, shall be deemed a violation of the discharge injunction.

18. <u>Discharge of Debtor and the Reorganized Debtor.</u>  Pursuant to Section V.A of the Plan, except as otherwise expressly provided in the Plan or this Confirmation Order, upon Confirmation of the Plan, each holder of a Claim or Interest and any affiliate of such holder shall be deemed to have forever waived, released and discharged the Reorganized Debtor, to the fullest

ORDER#1454895#13ECEDAA-1A83-4993-9771-B9D93D62E91E

extent permitted by Section 1141, of and from any and all Claims, interests, rights and liabilities that arose prior to Confirmation of the Plan. Upon Confirmation of the Plan, all such persons shall be forever precluded and enjoined, pursuant to Section 524, from prosecuting or asserting any such discharged Claim or Interest against the Reorganized Debtor. The Plan and this Confirmation Order shall bind the holders of all Claims and Interests whether or not they accepted the Plan. The rights afforded in the Plan and the treatment of all Claims and Interests therein shall be in complete satisfaction, discharge and release of all Claims against and/or Interest in the Debtor or any of its assets of any nature whatsoever except as otherwise specifically provided in the Plan. Except as otherwise set forth in the Plan and this Confirmation Order, all Claims and Interests shall be forever satisfied, discharged and released in full upon Confirmation of the Plan, and all holders of Claims and Interests shall be forever precluded and enjoined from asserting Claims against or Interests in the Reorganized Debtor or the Debtor. Any litigation pending pre-petition and/or initiated post-petition against the Debtor in any court other than the Bankruptcy Court where relief from stay was not obtained from the Bankruptcy Court shall be deemed discharged upon Confirmation of the Plan.

19.    <u>Exceptions to Discharge.</u>  Notwithstanding anything to the contrary herein, this Confirmation Order does not discharge the Reorganized Debtor's obligations under the Plan.

20.    <u>Terms of Injunctions or Stays.</u>  This Confirmation Order enjoins the prosecution, whether directly, derivatively or otherwise, of any Claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest released, discharged or terminated pursuant to the Plan and this Confirmation Order. Except as provided in the Plan or this Confirmation Order, upon Confirmation of the Plan, all entities that have held, currently hold or may hold a Claim or other debt or liability that is discharged or an interest or other right of an equity holder that is impaired pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtor, the Debtor's Estate, the Reorganized Debtor or its property on account of any such discharged Claims, debts or liabilities or terminated interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a right of subrogation

of any kind against any debt, liability or obligation due to the Debtor; and (v) commencing or continuing any action in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan or this Confirmation Order.  Notwithstanding, no provision in the Plan constitutes a nonconsensual, non-debtor, third party release.

21. <u>Effective Date</u>.  The provisions of Bankruptcy Rule 3020(e) are waived and the Effective Date of the Plan shall the first Business Day after the Confirmation Date.

22. <u>Disbursing Agent</u>.  The Debtor or the Reorganized Debtor, as the case may be, shall be the Disbursing Agent under the Plan.

23. <u>Administrative Claims Bar Date</u>.  Requests for payment of Administrative Claims must be filed and served on counsel for the Debtor no later than the date that is thirty (30) days after the Effective Date, other than Professional Fee Claims.  Holders of Administrative Claims that are required to file a request for payment of such Claims and do not file such requests by the Administrative Claims Bar Date, shall be forever barred from asserting such claims against the Debtor, its Estate, and the Reorganized Debtor.

24. <u>Administrative Expenses</u>.  Administrative Expenses incurred by the Reorganized Debtor following the date of the entry of this Confirmation Order shall not be subject to application and may be paid by the Reorganized Debtor in the ordinary course.

25. <u>Modification of the Plan.</u>  The Debtor or the Reorganized Debtor, as the case may be, may seek to modify the Plan at any time after Confirmation of the Plan so long as (1) the Plan has not been substantially consummated, and (2) this Court authorizes the proposed modifications after notice and a hearing.

26. <u>Miscellaneous Provisions Relating to Plan Distributions</u>.

   a. <u>No Fractional Distributions.</u>  No Distributions in fractions of hundredths of U.S. Dollars ($0.00's) (i.e., cents) shall be issued.  If the Distribution amount allocated to an Allowed Claim at the time of a Distribution hereunder would be include fractions of cents, the amount to be distributed to the holder of such Claim shall be rounded down to the highest integral numbers of cents in the applicable Claim amount.

ORDER#1454895#13ECEDAA-1A83-4993-9771-B9D93D62E91E

   b. <u>Name and Address of Holder of Claim.</u>  For purposes of all Distributions under the Plan, the Disbursing Agent can rely on the name and address of the holder of each Allowed Claim as shown on any timely filed proof of claim and, if none, as shown on the Debtor's Schedules, except to the extent that the Disbursing Agent first receives adequate written notice of a change of address, properly executed by the Holder or its authorized agent.

   c. <u>Unclaimed Distribution.</u> Any Unclaimed Distribution under the Plan shall be forfeited to the Reorganized Debtor.

  27. <u>Post-Conversion Conversion / Dismissal.</u>  Pursuant to Local Bankruptcy Rule 3020-1(e), a creditor or other party in interest may bring a motion to convert or dismiss the case under Section 1112(b) of the Bankruptcy Code after the Plan is confirmed if there is a default in performing the Plan.  If the Court orders the case converted to chapter 7 after the Plan is confirmed, then all property that had been property of the chapter 11 Estate, and that has not been disbursed pursuant to the Plan, will revest in the chapter 7 estate, and the automatic stay will be re-imposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Court during this Case.

  28. <u>Post-Confirmation Status Conference</u>. A post confirmation status conference shall be held on **May 14, 2025 at 10:00 a.m.** The Reorganized Debtor shall file a post confirmation status report no later than April 30, 2025 explaining what progress has been made toward consummation of the confirmed Plan and shall serve such status report upon the OUST, counsel to the Debtor, the Subchapter V Trustee and those parties who have requested special notice.

  29. <u>Exculpations and Releases Relating to the Plan.</u>  To the maximum extent permitted by law, neither the Debtor, the Reorganized Debtor, nor any of their retained advisors, attorneys, officers, directors, shareholders, members, Debtor's general bankruptcy counsel or Debtor's financial advisor, each in their capacity as such, shall have or incur liability to any Person for an act taken or omitted to be taken in connection with, or related to formulating, negotiating, soliciting, preparing, confirming, implementing, or consummating the Plan or the transactions contemplated therein, or a contract, instrument, release or other agreement or document created or entered into in

connection with the Plan; provided further that the foregoing exculpation shall have no effect on liability of any Person that results from any act or omission that is determined in a Final Order to have constituted fraud, gross negligence, willful misconduct or malpractice. The exculpation provision only applies to conduct which occurred from the Petition Date through the Effective Date of the Plan, with the exception of conduct relating to post-effective date motions to modify or amend the Plan.

30. <u>Effect of Confirmation Order on Other Orders.</u> Unless expressly provided for herein, nothing in the Plan or this Confirmation Order shall affect any orders entered in this case.

31. <u>Retention of Jurisdiction.</u> Upon the Effective Date, this Court shall retain jurisdiction over the matters arising in, under, and related to, the case, as set forth in Section V.E of the Plan and section 1142 of the Bankruptcy Code, to the extent permitted by law.

32. <u>No Stay of Confirmation Order.</u> For the avoidance of doubt, this Confirmation Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e).

**IT IS SO ORDERED.**

### ###

Date: January 28, 2025

*Theodor C. Albert*
Theodor C. Albert
United States Bankruptcy Judge

ORDER#1454895#13ECEDAA-1A83-4993-9771-B9D93D62E91E